**Robert Lee HEATH, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

No. 87–CA–1366–DG.

Court of Appeals of Kentucky.

Oct. 28, 1988.

Discretionary Review Denied by Supreme
Court Jan. 11, 1989.

Maury D. Kommor, Appellate Public Advocate, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, MILLER and REYNOLDS, JJ.

HOWARD, Judge.

Discretionary review was granted in this case from the Graves Circuit Court to determine whether a farm tractor is a motor vehicle under Kentucky Revised Statutes (KRS) 189A.010 which would subject its driver to penalties for operating same while under the influence of intoxicants.

Appellant was charged with operating a farm tractor while under the influence. His motion to dismiss the charges was overruled by the Graves District Court, and he subsequently entered a conditional plea of guilty. Kentucky Rules of Criminal Procedure (RCr) 8.09. Appellant appealed to the circuit court. The circuit court upheld the action of the district court. Appellant's motion for discretionary review by this Court was granted (Kentucky Rules of Civil Procedure (CR) 76.20), and we direct our attention to the issue presented—whether a farm tractor is included within the statute denouncing drunk driving.

KRS Chapter 189A, entitled "Driving Under the Influence," does not contain a definitional section for the terms used therein. Prior the enactment of KRS Chapter 189A (effective July, 1984), KRS 189.520 was the statutory section prohibiting drunk driving. The definition of "vehicle," as contained in KRS 189.010(18) is:

"Vehicle" includes all agencies for the transportation of persons or property over or upon the public highways of this Commonwealth and all vehicles passing over or upon said highways, *excepting* road rollers, road graders, *farm tractors,* vehicles on which power shovels are mounted, such other construction equipment customarily used only on the site of construction and which is not practical for the transportation of persons or property upon the highways, such vehicles as travel exclusively upon rails, and such vehicles as are propelled by electric power obtained from overhead wires while being operated within any municipality or where said vehicles do not travel more than five (5) miles beyond the city limit of any municipality. "Motor vehicle" includes all vehicles as defined above which are propelled otherwise than by muscular power. (emphasis added)

In *Commonwealth v. Ball,* Ky., 691 S.W. 2d 207 (1985), our Supreme Court held that the enactment of Chapter 189A did not create a new offense, but merely enhanced punishment for the existing offense of drunk driving denounced in Chapter 189.

The appellant argues that the foregoing entitles him to a dismissal of the charges on the grounds that driving a tractor ex-

empts him from the crime of drunk driving. We disagree.

The "exemption" of farm tractors was intended to "exclude farm tractors from rigid requirements as to equipment but it did not intend that tractors could operate on public highways without regard to rules of safety, including the duty to give proper signals, et cetera." *Davidson v. Moore,* Ky., 340 S.W.2d 227, 230 (1960).

It can be reasoned, although not argued in these proceedings, that KRS 189.520(1) was intended to cover the drunk driving of vehicles which have been exempted for other reasons such as equipment standards and so on. This statute reads as follows: "No person under the influence of intoxicating beverages or any drug which may impair one's driving ability shall operate a vehicle that is not a motor vehicle anywhere in this state."

As a farm tractor is not a "motor vehicle" as defined in KRS 189.010(18), it would seem that the section above quoted was intended to cover a tractor in regards to drunk driving.

The appellant was driving a tractor at 1:30 a.m. on a public highway while drunk. The breathalyzer reading was .16. It would seem to be a gross distortion of the intent of the referred to statutes to hold that the appellant was not guilty of drunk driving.

The judgment of the trial court is affirmed.

REYNOLDS, J., concurs.

MILLER, J., dissents.