Peter NEMETH, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 95–CA–2357–DG.

Court of Appeals of Kentucky.

Feb. 14, 1997.

Rehearing Denied April 4, 1997.

James L. Theiss, LaGrange, for appellant.

John R. Fendley, Oldham County Attorney, LaGrange, for appellee.

Before BUCKINGHAM, HUDDLESTON and SCHRODER, JJ.

BUCKINGHAM, Judge.

We granted discretionary review of a decision from the Oldham Circuit Court reversing an order of the Oldham District Court which dismissed a DUI charge against the appellant on the ground that he should have been prosecuted under KRS 189.520 instead of KRS 189A.010.

On July 4, 1994, the appellant was arrested for operating a farm tractor on a highway in Oldham County while under the influence of intoxicating beverages or other substances. He was charged with DUI in violation of KRS 189A.010. The Oldham District Court dismissed the charge on the grounds that a farm tractor was not a motor vehicle within the meaning of that statute and that the appellant should properly have been charged with the offense under KRS 189.520, since a farm tractor is a vehicle that is not a motor vehicle as defined by statute. The order of dismissal by the Oldham District Court was appealed to the Oldham Circuit Court which ruled that the appellant was properly charged with violation of KRS 189A.010, since a farm tractor is a motor vehicle as that term is used in that statute. Discretionary review was granted to determine whether the appellant should have been prosecuted under KRS 189.520 instead of KRS 189A.010.

KRS 189A.010(1) provides as follows:

A person shall not operate or be in physical control of a motor vehicle anywhere in this state:

(a) While the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol concentration in KRS 189A.005;

(b) While under the influence of alcohol;

(c) While under the influence of any other substance or combination of substances which impairs one's driving ability;

(d) While under the combined influence of alcohol and any other substance which impairs one's driving ability; or

(e) While the alcohol concentration in his blood or breath is 0.02 or more based on the definition of alcohol concentration in KRS 189A.005 if the person is under the age of twenty-one (21).

KRS 189.520(1) provides that "[n]o person under the influence of intoxicating beverages or any substance which may impair one's driving ability shall operate a vehicle that is not a motor vehicle anywhere in this state."

"Motor vehicle" is not defined in KRS Chapter 189A. However, at the time of this incident, "vehicle" was defined in KRS 189.010(18) as follows:

"Vehicle" includes all agencies for the transportation of persons or property over

or upon the public highways of this Commonwealth and all vehicles passing over or upon said highways, excepting road rollers, road graders, farm tractors, vehicles on which power shovels are mounted, such other construction equipment customarily used only on the site of construction and which is not practical for the transportation of persons or property upon the highways, such vehicles as travel exclusively upon rails, and such vehicles as are propelled by electric power obtained from overhead wires while being operated within any municipality or where said vehicles do not travel more than five (5) miles beyond the city limit of any municipality. "Motor vehicle" includes all vehicles as defined above which are propelled otherwise than by muscular power.

The statute defining "vehicle" has been amended since this incident occurred, and farm tractors have been specifically excluded from the definition of "motor vehicle." KRS 189.010(19)(b). However, for purposes of this case, we must look to the statutes in effect at the time of the incident.

We have previously held that a person operating a farm tractor under the influence of intoxicants may be prosecuted for violation of KRS 189A.010. *Heath v. Commonwealth,* Ky.App., 761 S.W.2d 630 (1988). We agree with the reasoning in that case that the exemption of farm tractors from the definition of "vehicle" in KRS 189.010(18) was for the purpose of excluding farm tractors from the rigid requirements as to equipment but that the exemption for that purpose did not intend that farm tractors could operate on public highways without regard to rules of safety. *Davidson v. Moore,* Ky., 340 S.W.2d 227, 230 (1960).

The appellant attempts to persuade us that we should not follow *Heath, supra,* since it was decided prior to the amendment of KRS 189A.010 which became effective July 1, 1991. That amendment enacted Kentucky's "per se" DUI law which created a new offense for operating a motor vehicle with a blood or breath alcohol concentration of .10 percent or more. With the amendment of KRS 189A.010, a person need not necessarily be under the influence of intoxicants in order to be found guilty of the offense so long as the blood or breath alcohol concentration was .10 percent or more. We fail to see how this amendment in the statute would change our interpretation of whether or not a farm tractor is a "motor vehicle" within the meaning of the statute.

Further, the appellant asserts that we held in *Heath, supra,* that a farm tractor is not a "motor vehicle" as defined in KRS 189.010(18). While we did so hold, we further held that a farm tractor was a "motor vehicle" for the purpose of KRS 189A.010. To the extent that our holding in that case appears inconsistent herewith, we note that our observations in that case were only dicta.

Finally, "motor vehicle" was not defined in KRS Chapter 189A, and the definition of "vehicle," as used in KRS Chapter 189, was for the use of that term as used in that chapter and not necessarily as used in KRS Chapter 189A. Since there is no specific statutory definition of "motor vehicle" in KRS Chapter 189A, we should construe that term in accordance with its common and approved usage. *Kentucky Unemployment Ins. Comm'n v. Jones,* Ky.App., 809 S.W.2d 715 (1991), and *Alliant Health Sys. v. Kentucky Unemployment Ins. Comm'n,* Ky.App., 912 S.W.2d 452 (1995). Since a farm tractor is a vehicle, has a motor, and is frequently operated on public roads and highways, common sense tells us that a farm tractor is a "motor vehicle" as that term is used in KRS Chapter 189A.

The order of the Oldham Circuit Court is therefore affirmed.

All concur.