#23766-a-PER CURIAM

**2006 SD 12**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

  v.

GERALD BORDEAUX,                          Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *
HONORABLE JOSEPH NEILES
Judge
* * * *

LAWRENCE E. LONG
Attorney General

KATIE L. HANSEN
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                  and appellee.


JOHN R. HINRICHS
Office of the Minnehaha
County Public Defender
Sioux Falls, South Dakota                 Attorney for defendant
                                  and appellant.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 9, 2006

OPINION FILED 2/1/06

#23766

PER CURIAM

[¶1.]     Gerald Bordeaux appeals his conviction for driving or actual physical control of a vehicle while under the influence of an alcoholic beverage (DUI).  We affirm.

FACTS

[¶2.]     On the afternoon of October 4, 2004, a pedestrian on his way to a friend's home in Sioux Falls observed a bicyclist repeatedly falling off of the bicycle he was attempting to ride on a city street.  Suspecting that the bicyclist might be intoxicated and concerned for his safety, the pedestrian used a cell phone to contact law enforcement and report the matter.  A law enforcement officer was dispatched to the location given by the pedestrian.  On his arrival, the officer also observed the bicyclist falling with his bicycle.  The officer approached the bicyclist and identified him as Bordeaux.  Based upon the odor of intoxicants, Bordeaux's admissions that he had been drinking and other indications of intoxication, the officer reached the conclusion that Bordeaux might be under the influence of an alcoholic beverage. The officer administered a series of field sobriety tests and, based upon his observations and the results of the tests, placed Bordeaux under arrest for DUI. The officer transported Bordeaux to the county jail where blood was drawn for a blood/alcohol test that later revealed a result of 0.225 percent by weight of alcohol in the blood.

[¶3.]     Bordeaux was indicted for one count of driving or actual physical control of a vehicle while under the influence of an alcoholic beverage in violation of SDCL 32-23-1(2) and one count of driving or actual physical control of a vehicle while having 0.08 percent or more by weight of alcohol in the blood in violation of

SDCL 32-23-1(1).[1]  A jury trial was held in magistrate court on January 4, 2005.  At the close of the State's case, Bordeaux's counsel moved for a judgment of acquittal on the basis that there was no proof that Bordeaux was "driving" or had "actual physical control" of a vehicle at the time of his alleged offense.  The trial court denied the motion and the case was submitted to the jury.  The jury returned verdicts finding Bordeaux guilty of both counts of the indictment.

[¶4.]      On February 3, 2005, Bordeaux was sentenced for one count of DUI to one hundred eighty days in the county jail with one hundred fifty days suspended on various terms and conditions.  Bordeaux appealed his conviction to circuit court which affirmed in an order entered July 13, 2005.  Bordeaux now appeals to this Court.

ISSUE

[¶5.]      **Did the trial court err in denying Bordeaux's motion for a judgment of acquittal?**

[¶6.]      Bordeaux argues that the trial court erred in denying his motion for a judgment of acquittal because the evidence was insufficient to sustain his conviction.

> In reviewing a denial of a motion for judgment of acquittal, we determine "whether the 'evidence was sufficient to sustain the convictions.'"  State v. Janklow, 2005 SD 25, ¶16, 693 NW2d 685, 693 (citations omitted).

---

1.    The subdivisions of SDCL 32-23-1 describe four ways of committing the same offense.  *See* State v. Likness, 386 NW2d 42, 44 (SD 1986).  "'It is permissible . . . to charge in separate counts the commission of the same offense in different ways in order to meet the evidence which may be adduced.  . . . If a defendant is convicted on two counts, relating to a single offense a general sentence may be imposed.'"  State v. Baker, 440 NW2d 284, 293 (SD 1989)(quoting State v. Teutsch, 80 SD 462, 468, 126 NW2d 112, 116 (1964)(citations omitted)).

> "In determining the sufficiency of the evidence on appeal in a criminal case, the issue before this Court is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt." In making that determination, "we accept the evidence and the most favorable inferences fairly drawn therefrom, which will support the verdict." Moreover, "the jury is . . . the exclusive judge of the credibility of the witnesses and the weight of the evidence." Therefore, this Court does not resolve conflicts in the evidence, or pass on the credibility of witnesses, or weigh the evidence.

> [State v. Pasek, 2004 SD 132, ¶7, 691 NW2d 301, 305] (citation omitted).

State v. McKinney, 2005 SD 73, ¶26, 699 NW2d 471, 480. *Accord* State v. Shaw, 2005 SD 105, ¶¶44, 51, 705 NW2d 620, 632-34.

[¶7.] Bordeaux 's argument concerning insufficiency of the evidence focuses on the elements of DUI. It is an element of that offense that a person "drive" or be in "actual physical control" of a vehicle. *See* SDCL 32-23-1. Bordeaux argues that the State failed to prove either of those elements here because the Legislature did not intend to prohibit the operation of a bicycle while under the influence of alcohol. In support of his assertions concerning legislative intent, Bordeaux points out that one does not generally describe the use of a bicycle as "driving" and that in other statutes regulating bicycles the Legislature referred to the "operation" of a bicycle. Thus, Bordeaux argues that had the Legislature intended to prohibit the use of a bicycle while under the influence of alcohol it would have referred to "operation" of a vehicle in the statute.

[¶8.] The intent of the Legislature in enacting laws is ascertained primarily from the language used in the statute. State v. Schouten, 2005 SD 122, ¶9, __ NW2d __, __. "We give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject." *Id.* This Court is bound by the actual language of applicable statutes and their intent is determined from what the Legislature said and not what this Court thinks it should have said. M.B. v. Konenkamp, 523 NW2d 94, 97 (SD 1994). "We assume that statutes mean what they say and that the legislators have said what they meant." Crescent Elec. Supply Co. v. Nerison, 89 SD 203, 210, 232 NW2d 76, 80 (1975). Thus, "[w]hen the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." MGA Ins. Co. v. Goodsell, 2005 SD 118, ¶9, 707 NW2d 483, 485 (quoting State v. Myrl & Roy's Paving, Inc., 2004 SD 98, ¶6, 686 NW2d 651, 653-54).

[¶9.] Here, the plain meaning of the applicable statues does not support Bordeaux's contentions concerning legislative intent. SDCL 32-23-1(2) provides that "[n]o person may drive or be in actual physical control of any *vehicle* while . . . [u]nder the influence of an alcoholic beverage[.]" (emphasis added). The Legislature has specifically defined the word "vehicle" in SDCL chapter 32-23 to include "bicycles." SDCL 32-14-1(37)(2004 rev)(currently SDCL 32-14-1(39)). Thus, when the Legislature used the term "vehicle" in SDCL 32-23-1, it clearly intended that it refer to "bicycles." This conclusion is consistent with this Court's prior decisions in this area. *See* Sommervold v. Grevlos, 518 NW2d 733, 740 (SD

1994)(bicycle a "vehicle" for purposes of SDCL 32-26-3 describing driver's duty in passing oncoming vehicles); Finch v. Christensen, 84 SD 420, 424, 172 NW2d 571, 573 (1969)(bicycle considered a "vehicle" within meaning of traffic rules and regulations).

[¶10.] While it may be true that one does not generally use the word "drive" to describe the operation of a bicycle, the ordinary meaning of the word "drive" does not exclude that usage. The numerous definitions of the word "drive" include: "1. To push, propel, or press onward forcibly; urge forward. . . . 3. To guide, control, or direct (a vehicle). . . . b. To traverse in a vehicle. 5. To supply the motive force or power to and cause to function. . . . 3. To operate a vehicle, such as a car." *The American Heritage College Dictionary* 420 (Robert B. Costello ex. ed., 3rd ed., Houghton Mifflin Co. 1997). Any one of these definitions would encompass the operation of a bicycle, particularly when the Legislature has specifically defined a bicycle as a "vehicle." Thus, contrary to Bordeaux's assertions, we conclude that it *was* within the intention of the Legislature to prohibit the operation of a bicycle while under the influence of alcohol.

[¶11.] Here, two witnesses testified that they saw Bordeaux riding his bicycle at a time when scientific evidence established that he was under the influence of an alcoholic beverage. Thus, there was clearly sufficient evidence to support his conviction for DUI under that part of SDCL 32-23-1 that prohibits a person from driving a vehicle while under the influence of an alcoholic beverage. Even if the evidence was insufficient to support his conviction under that part of the statute, Bordeaux has not addressed that part of SDCL 32-23-1 that prohibits a person from

"actual physical control" of a vehicle while under the influence of an alcoholic

beverage.[2]  This Court has previously approved the following definition of "actual

physical control" of a vehicle:

> A person is in "actual physical control" of a vehicle within
> the meaning of these instructions when the vehicle is
> operable and he is in a position to manipulate one or more
> of the controls of the vehicle that cause it to move or
> affects its movement in some manner or direction. It
> means existing or present bodily restraint, directing
> influence, domination or regulation of the vehicle. It
> means such control as would enable the defendant to
> actually operate his vehicle in the usual and ordinary
> manner. "Actual physical control" of a vehicle results,
> even though the [vehicle] merely stands motionless, so
> long as a person keeps the vehicle in restraint or is in a
> position to regulate its movements.

State v. Kitchens, 498 NW2d 649, 651 (SD 1993)(quoting State v. Hall, 353 NW2d

37, 41-42 n2 (SD 1984)).  Based upon this definition, even if Bordeaux was not

"driving" his bicycle, he clearly had "actual physical control" of it while he was

under the influence of an alcoholic beverage.  Accordingly, the trial court did not err

in denying his motion for a judgment of acquittal based upon insufficiency of the

evidence.

[¶12.]    Affirmed.

[¶13.]    GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER

and MEIERHENRY, Justices, participating.

---

2.    The jury was instructed on both driving and actual physical control of a
      vehicle while under the influence of an alcoholic beverage.