#23772-a-JKM

**2006 SD 50**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,        Plaintiff and Appellant,

    v.

JOSEPH A. LAFFERTY,        Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JANINE M. KERN
Judge

\* \* \* \*

GLENN A. BRENNER
Pennington County State's Attorney

JENNIFER B. UTTER
Deputy Pennington County
  State's Attorney        Attorneys for plaintiff
Rapid City, South Dakota        and appellant.

PAULA D. CAMP of
Pennington County Public
  Defender's Office        Attorneys for defendant
Rapid City, South Dakota        and appellee.

\* \* \* \*

ARGUED ON APRIL 26, 2006

OPINION FILED **06/14/06**

#23772

MEIERHENRY, Justice

[¶1.]          This case involves a claim of double jeopardy.  After a jury acquitted

Joseph Lafferty (Lafferty) of second-degree rape, the State of South Dakota charged

him with third-degree rape.  Both charges were based on the same alleged incident.

The trial court concluded that the third-degree rape charge violated double jeopardy

and dismissed the charge.  The State appeals.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

[¶2.]          The charges against Lafferty arose from allegations by T.T., a fifteen

year-old female, that Lafferty sexually penetrated her on March 15, 2004.  On

March 16, 2004, the State filed a complaint charging Lafferty with one count of

second-degree rape in violation of SDCL 22-22-1(4) (victim unable to consent due to

intoxication), and in the alternative, one count of third-degree rape in violation of

SDCL 25-1-6 (incest).[1]  Subsequently, the State presented the case to a grand jury.

The grand jury indicted Lafferty on the same charges, and the State dismissed the

initial complaint.  A few days before trial, the incest charge was dismissed.  On

December 21, 2004, a jury acquitted Lafferty of the remaining charge of second-

degree rape under SDCL 22-22-1(4) (victim unable to consent due to intoxication).

---

1.     The trial court advised the State of the irregularities in the indictment
       concerning the alternative count.  SDCL 25-1-6 provides that incestuous
       marriages are "null and void from the beginning."  It does not contain a
       criminal provision.  On the other hand, SDCL 22-22-1(6) defines rape as
       sexual penetration of any persons "[i]f persons who are not legally married
       and who are within degrees of consanguinity within which marriages are by
       the laws of this state declared void pursuant to [SDCL] 25-1-6, which is also
       defined as incest."  Incest constitutes rape in the third-degree.  SDCL 22-22-
       1.  The irregularity in the indictment was never corrected.

[¶3.]      On December 30, 2004, the State again indicted Lafferty, this time for third-degree rape under SDCL 22-22-1(5) (statutory rape).  The indictment alleged that on March 15, 2004, Lafferty sexually penetrated T.T., a person "being ten (10) years of age, but less than sixteen (16) years of age, at the time of said act of penetration."  Lafferty moved to dismiss the charge.  He argued that the December 30, 2004, indictment violated the United States Constitution and the South Dakota Constitution by putting his life in jeopardy twice for the same offense.  The trial court agreed with Lafferty and dismissed the indictment.  The State appeals and presents the following issue for our consideration:

### ISSUE

> Whether the trial court erred by dismissing a second charge against Lafferty for violation of SDCL 22-22-1(5) (third-degree statutory rape) brought subsequent to Lafferty's acquittal on a charge for violation of SDCL 22-22-1(4) (second-degree rape—intoxication of victim) arising from the same alleged incident.

### DECISION

[¶4.]      The Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  Similarly, the South Dakota Constitution states that "[n]o person shall . . . be twice put in jeopardy for the same offense."  SD Const Art VI, § 9.  These prohibitions against double jeopardy protect against multiple prosecutions for the same offense after acquittal, multiple prosecutions for the same offense after conviction, and multiple punishments for the same offense.  State v. Weaver, 2002 SD 76, ¶11, 648 NW2d 355, 359.  Violation of double jeopardy is a question of law.  State v. Cates, 2001 SD 99, ¶6, 632 NW2d 28, 33.

[¶5.] This case presents us with an issue of a second prosecution after an acquittal. The State admits that both prosecutions of Lafferty involve the same conduct—the alleged sexual penetration of T.T. on March 15, 2004. The State argues, however, that double jeopardy is not implicated in this case because SDCL 22-22-1(4) (rape of an intoxicated victim) is a different offense from statutory rape under SDCL 22-22-1(5), and therefore constitutes a *separate* offense. If the two offenses are deemed separate, Lafferty has not been subjected to double jeopardy.

[¶6.] In order to determine whether the offenses are separate offenses, we first look to legislative intent. The United States Supreme Court has stated that "[w]here the same conduct violates two statutory provisions, the *first step* in the double jeopardy analysis *is to determine whether the legislature . . . intended that each violation be a separate offense*." Garrett v. United States, 471 US 773, 779, 105 SCt 2407, 2411, 85 LEd2d 764 (1985) (emphasis added), *quoted in Weaver*, 2002 SD 76, ¶14, 648 NW2d at 361. Thus, "when the same act violates two statutory provisions, whether one act is punishable as separate offenses raises a question of legislative intent." State v. Dillon, 2001 SD 97, ¶14, 632 NW2d 37, 43. The true intent of the Legislature is ascertained primarily from the language of the statute. State v. Bordeaux, 2006 SD 12, ¶8, 710 NW2d 169, 172. Therefore, we turn to the language of the rape statute, SDCL 22-22-1.

[¶7.] In its entirety, SDCL 22-22-1 provides:

> Rape is an act of sexual penetration accomplished with any person under any of the following circumstances:
> (1) If the victim is less than ten years of age; or
> (2) Through the use of force, coercion, or threats of immediate and great bodily harm against the victim

> or other persons within the victim's presence, accompanied by apparent power of execution; or
>
> (3) If the victim is incapable, because of physical or mental incapacity, of giving consent to such act; or
>
> (4) If the victim is incapable of giving consent because of any intoxicating, narcotic, or anesthetic agent or hypnosis; or
>
> (5) If the victim is ten years of age, but less than sixteen years of age, and the perpetrator is at least three years older than the victim; or
>
> (6) If persons who are not legally married and who are within degrees of consanguinity within which marriages are by the laws of this state declared void pursuant to [SDCL] 25-1-6, which is also defined as incest; or
>
> (7) If the victim is ten years of age but less than eighteen years of age and is the child of a spouse or former spouse of the perpetrator.
>
> A violation of subdivision (1) of this section is rape in the first degree, which is a Class 1 felony. A violation of subdivision (2), (3), or (4) of this section is rape in the second degree, which is a Class 2 felony. A violation of subdivision (5), (6), or (7) of this section is rape in the third degree, which is a Class 3 felony. Notwithstanding [SDCL] 23A-42-2 a charge brought pursuant to this section may be commenced at any time prior to the time the victim becomes age twenty-five or within seven years of the commission of the crime, whichever is longer.

The language of the statute defines the crime of rape in seven different subsections. Each subsection is listed in the disjunctive; that is, each subsection is separated by the disjunctive word "or." The Legislature's use of the disjunctive indicates that rape is one offense which may be accomplished by seven different ways.

[¶8.]     We have acknowledged the significance of the legislative use of the disjunctive in defining conduct which constitutes aggravated assault in SDCL 22-18-1.1. We considered that statute in *State v. Baker*, wherein a defendant was charged, convicted, and sentenced for two counts of aggravated assault, one for "[a]ttempt[ing] to cause, or knowingly caus[ing], bodily injury to another with a

dangerous weapon" under SDCL 28-18.1.1(2) and a second for "[a]ssault[ing] another with intent to commit bodily injury which results in serious bodily injury" under SDCL 22-18-1.1(4). 440 NW2d 284, 285 (SD 1989). When considering a double jeopardy challenge under that statute, we determined "that SDCL 22-18-1.1 does not contain four separate offenses, but rather describes one violation that may be established in four different ways." *Id.* at 293. We confirmed that conclusion in *State v. Morato* when we noted that *Baker* "holds that SDCL 22-18-1.1 describes one offense that may be established four different ways." 2000 SD 149, ¶27, 619 NW2d 655, 663. Even more recently, in *State v. Chavez*, we noted

> "SDCL 22-18-1.1 does not contain four separate offenses, but rather describes one violation that may be established in four different ways . . . . Each of the counts describes a different method of accomplishing the offense, but there was only one offense committed . . . ."

2002 SD 84, ¶16, 649 NW2d 586, 593 (quoting *Baker*, 440 NW2d at 293)).

[¶9.] We reach the same conclusion here. The plain, unambiguous language of SDCL 22-22-1 defines rape as *one* of seven possible circumstances. The statute is devoid of language indicating a clear intent to define separate offenses. Consequently, the statutory language does not suggest that the Legislature intended to define seven separate and distinct offenses. Indeed, the language of the statute leads to the opposite conclusion. SDCL 22-22-1 defines one offense which may be accomplished in seven different ways.

[¶10.] The State urges us to rely solely on the test set forth in *Blockburger v. United States*, 284 US 299, 52 SCt 180, 76 LEd 306 (1932). The *Blockburger* test states that "'where the same act or transaction constitutes a violation of two distinct

statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.'" *Dillon*, 2001 SD 97, ¶14, 632 NW2d at 43 (quoting *Blockburger*, 284 US at 304, 52 SCt at 182, 76 LEd 306). Because the charge of statutory rape requires proof of an additional fact from the charge of rape of an intoxicated victim, the State claims Lafferty was charged with two different offenses.

[¶11.]     In this case, however, the *Blockburger* test is not dispositive. We have clearly stated that the *Blockburger* test is merely "'a rule of statutory construction to help determine legislative intent.'" *Dillon*, 2001 SD 97, ¶14, 632 NW2d at 43 (quoting *Garrett*, 471 US at 778-79, 105 SCt at 2411, 85 LEd2d 764); *see also Weaver*, 2002 SD 76, ¶14, 648 NW2d at 361. The *Blockburger* test "'is *not controlling* when the legislative intent is clear from the face of the statute or the legislative history.'" *Id.* (quoting *Garrett*, 471 US at 779, 105 SCt at 2411, 85 LEd2d 764) (emphasis added); *see also Weaver*, 2002 SD 76, ¶14, 648 NW2d at 361. Further, even if "the *Blockburger* analysis arrives at a result contrary to the 'language, structure, and legislative history' of the statute, the '*Blockburger* presumption *must of course yield* to a plainly expressed contrary view on the part of the legislature.'" *Weaver*, 2002 SD 76, ¶14, 648 NW2d at 361 (citation omitted) (emphasis added).

[¶12.]     In this case, the plain language of SDCL 22-22-1 evidences the legislative intent to define one offense. *Cf. Morato*, 2000 SD 149, ¶27, 619 NW2d at 663; *Baker*, 440 NW2d at 293. Further inquiry into the elements of a criminal

statute is unnecessary where the Legislature's intent is clear. Thus, we need not employ *Blockburger* because the language of the statute is controlling. *Garrett*, 471 US at 778-79, 105 SCt at 2411, 85 LEd2d 764; *Weaver*, 2002 SD 76, ¶14, 648 NW2d at 361; *Dillon*, 2001 SD 97, ¶14, 632 NW2d at 43-44.

[¶13.] Lafferty was put in jeopardy twice for the same offense. After being acquitted of rape by a jury, he faced a second prosecution for the same alleged rape. Both the United States Constitution and the South Dakota Constitution protect him from such relitigation. The protection against double jeopardy "'serves a constitutional policy of finality for the defendant's benefit. That policy protects the accused from attempts to relitigate the facts underlying a prior acquittal . . . .'" *Weaver*, 2002 SD 76, ¶12, 648 NW2d at 360 (quoting Brown v. Ohio, 432 US 161, 165-66, 97 SCt 2221, 2225, 53 LE2d 187 (1977)) (quotation marks omitted)). Not only does the protection of double jeopardy finalize judgments, but it also "protect[s] the defendant from prosecutorial overreaching." *Garrett*, 471 US at 795, 105 SCt at 2420, 85 LEd2d 754 (O'Connor, J., concurring). As noted by Justice O'Connor,

> "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*Id.* (O'Connor, J., concurring) (quoting Green v. United States, 355 US 184, 187-88, 78 SCt 221, 223, 2 LEd2d 199 (1957)). SDCL 22-22-1 defines but one offense, and double jeopardy prevents prosecution of Lafferty under SDCL 22-22-1(5) after his acquittal under SDCL 22-22-1(4).

#23772

[¶14.]        Affirmed.

[¶15.]        GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.