SABERS, Justice
(dissenting in part, concurring in result in part and concurring in part).

Double Jeopardy

[¶ 40.] I dissent on Issue 1. A single gunshot to the head cannot support two separate convictions for attempted murder and aggravated assault. This violates the Double Jeopardy provisions of the United States Constitution and the South Dakota Constitution.
[¶ 41.] This Court has previously indicated that only “the Legislature may impose multiple punishments for the same conduct without violating the Double Jeopardy Clause” only “if it clearly expresses its intent to do so.” State v. Weaver, 2002 SD 76, ¶ 8, 648 N.W.2d 355, 358 (quoting State v. Dillon, 2001 SD 97, ¶ 14, 632 N.W.2d 37, 43 (citing Garrett v. United States, 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985))) (emphasis added). When determining legislative intent, we look to the language of the statute. Lafferty, 2006 SD 50, ¶ 6, 716 N.W.2d at 784 (citing State v. Bordeaux, 2006 SD 12, ¶ 8, 710 N.W.2d 169, 172). When we examine the language of the statutes at issue in this case, there is no indication that the Legislature specifically intended to impose punishment for both the offense of attempted murder and the offense of aggravated assault that arise out of the same conduct.
[¶ 42.] SDCL 22-14-12 clearly indicates that committing a felony while armed can be punished in addition to the principal felony. However, this clear imposition of additional punishment is noticeably absent from the attempted murder and aggravated assault statutes. See SDCL 22-16-4; SDCL 22-18-1.1. The majority opinion suggests the omission of any cumulative punishment language makes the legislative intent unclear. I submit the omission of cumulative punishment language has the opposite effect. The Legislature knew how to impose cumulative punishments as indicated in SDCL 22-14-12; had it wished to impose cumulative punishments for attempted murder and aggravated assault offenses that arise out of the same *14 act, it knew how to do so and it could have done so. The fact that it did not choose to insert the cumulative punishment language into SDCL 22-18-1.1 and SDCL 22-16-4, when it used the language elsewhere in the same chapter, indicates that it did not wish to impose cumulative punishment. Because the legislative intent is clear, it is not necessary to reach the Blockburger test. See Garrett, 471 U.S. at 779, 105 S.Ct. at 2411, 85 L.Ed.2d 764; Lafferty, 2006 SD 50, ¶ 11, 716 N.W.2d at 786 (noting that the Blockburger test is not controlling when the legislative intent is clear) (additional citations omitted).
[¶ 43.] This case is similar to the Washington Court of Appeals case of State v. Gohl, 109 Wash.App. 817, 87 P.3d 293 (2001). The Division 1 of the Washington Court of Appeals vacated the assault conviction when the defendant had also been found guilty of attempted murder. Id. at 296. In Gohl, similar to this case, the assault and attempted murder convictions stemmed from one act. Id. at 295. When deciding double jeopardy applied, it noted:
[I]t is unlikely the Legislature intended to punish a single assaultive act as both assault and attempted murder. There is no reason that a single assault should give rise to only one conviction if the victim dies, where the charge would be murder and assault, but two convictions if the victim survives, where attempted murder and assault would be charged.
Id. (citing State v. Valentine, 108 Wash.App. 24, 29 P.3d 42, 44 (2001)). A similar result was reached by this Court in State v. Dillon, where the unanimous court held that Double Jeopardy prohibited two separate convictions for the same conduct of first degree rape and criminal pedophilia arising out of one act of penetration. 2001 SD 97, ¶ 22, 632 N.W.2d at 46. Here, it is inconceivable to think the Legislature intended double punishment for assault and attempted murder arising out of one gunshot. The Legislature knew how to impose double punishment and did so within the same chapter. Because the Legislature has chosen not to impose double punishment for attempted murder and aggravated assault arising out of the same act, the Double Jeopardy clause was violated.
[¶ 44.] Due to the Double Jeopardy violation, we should vacate the lesser offense of aggravated assault and remand for re-sentencing on the attempted murder conviction. See id.

Motion to Suppress

[¶ 45.] I disagree with the majority opinion’s determination that Johnson was not in custody. The Turner County Sheriff was instructed to arrest Johnson based on probable cause. Johnson may have talked the deputy into having misgivings about arresting him, causing the deputy to give Johnson an opportunity to talk with the Minnehaha County officers, but Johnson was never free to leave and agreed to go to the Turner County Sheriffs Office with his children.
[¶ 46.] Ultimately, whether or not he was in custody is immaterial because he waived his Miranda rights when he interrupted the officer and proceeded to talk. I agree with the majority opinion’s conclusion that Johnson’s statements were voluntarily made. Johnson voluntarily made statements to the officers and was not entitled to have those statements suppressed. The defendant was so eager to voluntarily talk to the detective that he interrupted the detective while he was being Mirandized. Therefore, I concur in result.

Cross-Examination of Breen

[¶ 47.] I concur on Issue 3.