**James ADAMS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–CA–002504–MR.

Court of Appeals of Kentucky.

Aug. 22, 2008.

Discretionary Review Denied by Supreme Court Feb. 11, 2009.

Jimmy Dale Williams, Richmond, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for appellee.

Before VANMETER and WINE, Judges; LAMBERT,[1] Senior Judge.

## OPINION

VANMETER, Judge.

James Adams entered a conditional plea of guilty in the Madison Circuit Court to charges of driving under the influence (fourth offense), and driving on a license suspended for DUI (second offense). The sole issue on appeal is whether the trial court erred in finding that the moped driven by Adams at the time of his arrest was a "motor vehicle" under Kentucky Revised Statutes (KRS) 189A.010(1), which, *inter alia,* prohibits the operation of a motor vehicle while under the influence of alcohol. We affirm.

"Motor vehicle" is not defined in KRS Chapter 189A, which governs Driving Under the Influence. *Nemeth v. Commonwealth,* 944 S.W.2d 871, 872 (Ky.App.1997). Still, Adams urges us, in construing KRS 189A.010(1), to rely on the KRS 186.010(4) definition of "motor vehicle," which excludes mopeds. KRS Chapter 186 governs Licensing of Motor Vehicles, Operators, and Trailers, and is part of Title XVI, Motor Vehicles, which is comprised of KRS Chapters 186 through 190. The legislature has defined "motor vehicle" at least eight times in Title XVI.[2] It has also

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. KRS 186.010(4) (Licensing of Motor Vehicles, Operators, and Trailers, incorporating definitions of "vehicle" in KRS 186.010(8)(a) and (b) and excluding mopeds); KRS 186A.510(4) (Automated Motor Vehicle Registration System, adopting KRS 186A.010(8)(a) and (b)); KRS 187.290(4) (Financial Responsibility Law, excluding mopeds); KRS 188.010(1) (Service of Process on Nonresident Motorists, not expressly excluding

defined "motor vehicle" at various other times throughout the Kentucky Revised Statutes.[3] Suffice to say that the legislature has adopted different definitions of "motor vehicle" at various times to suit a particular purpose. Adams offers no support for his argument that the legislature intended the definition in KRS 186.010(4) to apply to KRS Chapter 189A. Nor have we found any reason to apply any of these other definitions of "motor vehicle" to KRS Chapter 189A.

Since there is no specific statutory definition of "motor vehicle" in KRS Chapter 189A, we are to "construe that term in accordance with its common and approved usage." *Nemeth*, 944 S.W.2d at 872 (citing *Kentucky Unemployment Ins. Comm'n v. Jones*, 809 S.W.2d 715 (Ky.App.1991), and *Alliant Health Sys. v. Kentucky Unemployment Ins. Comm'n*, 912 S.W.2d 452 (Ky.App.1995)). A "vehicle" is a means of transporting or carrying persons or property. *Merriam–Webster's Collegiate Dictionary* 1305 (10th ed.2002). *See also Black's Law Dictionary* 1393 (5th ed.1979). Since a moped can carry a person or property and has a motor, it is a "motor vehicle" in accordance with common and approved usage, and within the meaning of KRS 189A.010. Thus, the trial court did not err by finding that the moped driven by Adams at the time of his arrest was a "motor vehicle" under KRS 189A.010(1).

We note that courts in other states whose DUI statutes do not expressly include mopeds as "vehicles" have similarly held that one may be convicted of DUI for operating a moped while under the influence. *State v. Singleton*, 319 S.C. 312, 460 S.E.2d 573, 575 (1995) (although mopeds are exempted from registration, licensing, and insurance requirements, they are within the purview of the DUI statute); *State v. Saiz*, 130 N.M. 333, 24 P.3d 365, 367 (2001) (a moped is a "vehicle" for DUI purposes although exempt from those sections of the Motor Vehicle Code specifically relating to motor vehicles or motorcycles); Gregory J. Swain, Annotation, *Operation of mopeds and motorized recreational two, three, and four-wheeled vehicles as within scope of driving while intoxicated statutes*, 32 A.L.R.5th 659 § 3[b] (1995).

For the foregoing reasons, the judgment of the Madison Circuit Court is affirmed.

ALL CONCUR.

mopeds); KRS 189.010(19)(b) (Traffic Regulations; Vehicle Equipment and Storage, incorporating definition of "vehicle" in KRS 189.010(19)(a) and not expressly excluding mopeds); KRS 189.752(2) (Traffic Regulations; Vehicle Equipment and Storage, excluding mopeds); KRS 190.010(12) (Motor Vehicle Sales, not expressly excluding mopeds); KRS 190.090(4) (Motor Vehicle Sales, expressly including mopeds).

**3.** *E.g.*, KRS 138.210(11), KRS 138.450(5), and KRS 138.655(4) (Excise Taxes); KRS 234.310(4) (Liquefied Petroleum Gas and Other Flammable Liquids); KRS 281.011(2) (Public Utilities—Motor Carriers); KRS 281A.010(24) (Public Utilities—Commercial Driver's Licenses); KRS 304.39–020(7) (Motor Vehicle Reparations Act); KRS 367.841(3) and 367.860(3) (Consumer Protection); and KRS 371.210(3) (Formality and Assignability of Contracts; Installment Sales Contracts).