NOT DESIGNATED FOR PUBLICATION

No. 121,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CURTIS R. DEAN JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Anderson District Court; ERIC W. GODDERZ, judge. Opinion filed May 7, 2021. Reversed and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Brandon L. Jones*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.


PER CURIAM: Curtis R. Dean Jr. appeals the classification of four out-of-state convictions for driving under the influence (DUI) in the district court's calculation of his criminal history score. Since the states where Dean received his DUI convictions define "vehicle" more broadly than Kansas, they are not comparable to Kansas' DUI statute. The district court erred in classifying Dean's out-of-state convictions as person felonies. Reclassifying these convictions will change Dean's criminal history score from A to B. We reverse and remand to the district court for resentencing, using the proper criminal history score of B.

1

Dean pled no contest to one count of aggravated battery while driving under the influence, with the crime being committed on October 16, 2017. Dean's presentence investigation (PSI) report showed six prior DUI convictions—two from South Dakota, two from Kentucky, one from Nebraska, and one from Illinois. The Nebraska conviction was classified as a nonperson felony and the others as person felonies. The district court determined Dean's criminal history score was A and sentenced him to 130 months' imprisonment and 24 months of postrelease supervision.

Dean appeals the classification of four of his six DUIs as person felonies (two from South Dakota and two from Kentucky). He does not challenge the classification of the convictions from the other two states.

The revised Kansas Sentencing Guidelines Act establishes presumptive sentences for crimes subject to the Act. Scores are based on an offender's criminal history (scored from A to I) and the severity level of the offense (scored from I to X for nondrug crimes and I to V for drug crimes). See K.S.A. 2020 Supp. 21-6804 (nondrug offense grid); K.S.A. 2020 Supp. 21-6805 (drug offense grid). An offender will have a criminal history score of A when the offender's criminal history includes three or more adult convictions for person felonies. See K.S.A. 2020 Supp. 21-6809.

Whether a sentence is illegal is a question of law over which this court exercises unlimited review. *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019). Likewise, the classification of a defendant's prior conviction is a question of law subject to unlimited review. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016).

Although Dean did not challenge his criminal history score before the district court, an illegal sentence can be corrected at any time while the defendant's sentence is being served. K.S.A. 2020 Supp. 22-3504(a). A sentence is illegal if it (1) is imposed by a court lacking jurisdiction, (2) fails to conform to applicable statutory provisions, or (3) is

ambiguous with respect to the time and way it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1). Accordingly, Dean can challenge the classifications of his prior convictions for the first time on appeal.

"[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced." *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). The district court announced Dean's sentence in March 2019, which means the May 2019 amendments to K.S.A. 21-6811 do not apply. See *State v. Baker*, 58 Kan. App. 2d 735, 739-42, 475 P.3d 24 (2020) (discussing May 2019 amendment to K.S.A. 2018 Supp. 21-6811[e][3]). Thus, K.S.A. 2018 Supp. 21-6811(e) controls the classification of Dean's out-of-state convictions.

In designating an out-of-state felony as a person or nonperson offense, a court must look to "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2018 Supp. 21-6811(e)(3). For an out-of-state conviction to be comparable to a Kansas offense, "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018).

Generally, driving under the influence is classified as a nonperson offense. See K.S.A. 2017 Supp. 8-1567(b). But, when a person's crime of conviction is aggravated battery while driving under the influence, as Dean's was, then the sentencing enhancement provision in K.S.A. 2018 Supp. 21-6811(c)(3) applies. It provides in part that the first prior adult conviction for "[a]ny act described in" K.S.A. 8-1567, Kansas' DUI statute, will count as a nonperson felony for criminal history purposes. Subsequent convictions are counted as person felonies. K.S.A. 2018 Supp. 21-6811(c)(3). The Kansas Supreme Court examined a similar sentencing enhancement provision, K.S.A.

3

2014 Supp. 21-6811(c)(2), in *State v. Schrader*, 308 Kan. 708, 423 P.3d 523 (2018). The court held that "[t]o constitute a prior municipal DUI conviction subject to categorization as a person felony for purposes of K.S.A. 2014 Supp. 21-6811(c)(2), the conviction must have been based on an ordinance that was the same as, or narrower than, K.S.A. 2017 Supp. 8-1567." 308 Kan. at 712. As such, Kansas courts take the same approach to sentencing enhancement classifications under K.S.A. 2018 Supp. 21-6811(c)(2) and (3) as they do to classifying out-of-state felonies.

Dean committed his offense on October 16, 2017. Thus, we must examine the Kansas DUI statute in effect on that date:

"(a) Driving under the influence is operating or attempting to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013, and amendments thereto, is .08 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is .08 or more;

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." K.S.A. 2017 Supp. 8-1567(a).

Kansas defines the term "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except electric personal assistive mobility devices or devices moved by human power or used exclusively upon stationary rails or tracks." K.S.A. 2017 Supp. 8-1485.

In *Schrader*, the Kansas Supreme Court examined whether a prior conviction for violating a Wichita DUI ordinance could be counted as a person felony under K.S.A. 2017 Supp. 21-6811(c)(2). The Wichita ordinance was like the one used in enhancing Dean's sentence but applied when the defendant was convicted of involuntary manslaughter in the commission of a DUI. The Wichita ordinance defined "vehicle" as "'every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.'" The court held Wichita's definition of "vehicle" was broader than Kansas' definition. 308 Kan. at 713. The court found it notable that "the Wichita ordinance [did] not carve exceptions for electric personal assistive mobility devices or devices moved by human power as K.S.A. 2017 Supp. 8-1485 [did]." 308 Kan. at 713.

Similarly, Dean argues the definitions of the term "vehicle" in South Dakota and Kentucky are broader than, and thus not comparable to, Kansas' definition.

*South Dakota*

Dean's South Dakota DUI convictions occurred in June 2006 and March 2007. At that time, South Dakota defined "vehicle" as "a device in, upon, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved by human power or used exclusively upon stationary rails or tracks; including bicycles and ridden animals." S.D. Codified Laws § 32-14-1(39) (2006 Supp.). The South Dakota Supreme Court has specifically held bicycles are included in the meaning of the term "vehicle" as it is used in the DUI statute. *State v. Bordeaux*, 710 N.W.2d 169, 173 (S.D. 2006). Kansas' statute excludes bicycles. See *State v. Gensler*, 308 Kan. 674, 685, 423 P.3d 488 (2018); *City of Wichita v. Hackett*, 275 Kan. 848, 853, 69 P.3d 621 (2003). The inclusion of bicycles makes South Dakota's DUI statute broader than the Kansas statute. The State concedes Dean's South Dakota DUIs should not have been scored as person felonies. The district court erred in counting these convictions as person felonies.

*Kentucky*

Dean's Kentucky DUI convictions occurred in April and November 2009. At the time of Dean's convictions, Kentucky's DUI statute prohibited operating or being in physical control of a motor vehicle while under the influence of alcohol, but the statute did not define the term "motor vehicle." Ky. Rev. Stat. Ann. 189A.010. Because "there is no specific statutory definition of 'motor vehicle' in KRS Chapter 189A," Kentucky courts "'construe that term in accordance with its common and approved usage.'" *Adams v. Commonwealth*, 275 S.W.3d 209, 210 (Ky. Ct. App. 2008).

The Kentucky Court of Appeals looked at the dictionary definition of "vehicle" ("a means of transporting or carrying persons or property") in *Adams* and concluded a moped was a motor vehicle for the purposes of the DUI statute because it can carry a person or property and has a motor. 275 S.W.3d at 210 (citing Merriam-Webster's Collegiate Dictionary 1305 [10th ed. 2002]). In another case, the Kentucky court looked at the dictionary definition of "motor vehicle," which defined the term as "'an automotive vehicle not operated on rails; *esp*: one with rubber tires for use on highways.'" *Mattingly v. Commonwealth*, No. 2008-CA-000610-DG, 2009 WL 1098111, at *2 (Ky. Ct. App. 2009) (unpublished opinion) (quoting Merriam-Webster's Collegiate Dictionary 811 [11th ed. 2005]). The Kentucky court concluded a golf cart was a motor vehicle because golf carts have motors and rubber tires. While golf carts are not equipped for highway use, the Kentucky court noted they were often used on roads for transporting people and equipment. 2009 WL 1098111, at *2.

Dean argues Kentucky's law is broader than Kansas' because it does not exclude electric personal assistive mobility devices. An electric personal assistive mobility device is "a self-balancing two nontandem wheeled device, designed to transport only one person, with an electric propulsion system that limits the maximum speed of the device to 15 miles per hour or less." K.S.A. 2017 Supp. 8-1491. An example of such a device

6

would be a Segway. See *State v. Greenman*, 825 N.W.2d 387, 390 (Minn. Ct. App. 2013) (examining statute with same definition of electric personal assistive mobility device).

Dean's argument is persuasive under the reasoning of *Schrader*. Like the Wichita ordinance examined in that case, Kentucky's statutes and caselaw make no exception for electric personal assistive mobility devices. See *Schrader*, 308 Kan. at 713 (finding it notable that Wichita ordinance did not carve exceptions for such devices); see also *Gensler*, 308 Kan. at 683 (examining same Wichita ordinance and holding that "[t]he ordinance's silence on exceptions for electric personal assistive devices and devices moved by human power made its coverage broader than that of the state's baseline statute"). And because such devices could carry a person and have a motor, they could fall under the Kentucky courts' interpretation of "motor vehicle." Although the Kentucky and Kansas laws are similar, Kansas' definition of "motor vehicle" is not the same as or narrower than Kentucky's. See *Schrader*, 308 Kan. at 713 (finding that Wichita's DUI ordinance was broader than Kansas' DUI statute even though ordinance "generally mirrored" language in statute). For this reason, the district court should not have classified Dean's Kentucky DUIs as person felonies.

*Conclusion*

Four of Dean's prior DUI convictions were misclassified, resulting in an illegal sentence. The reclassification of those four convictions will change Dean's criminal history score from A to B. See K.S.A. 2018 Supp. 21-6809. We must remand to the district court for resentencing.

Reversed and remanded with directions.