**STATE of South Dakota, Plaintiff
and Appellee,**

v.

**Michael S. THOMAS, Defendant
and Appellant.**

**Nos. 17944, 17950.**

Supreme Court of South Dakota.

Considered on Briefs on Feb. 10, 1993.

Decided April 28, 1993.

Mark Barnett, Atty. Gen., Patricia Cronin, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Patrick Schroeder, Minnehaha County Public Defender's Office, Sioux Falls, for defendant and appellant.

PER CURIAM.

Michael Shawn Thomas (Thomas) appeals two orders denying his motions for correction of sentence. We affirm.

## FACTS

Separate complaints, and later informations, were filed charging Thomas with

A) Possession (on or about February 14, 1989) of a controlled drug, cocaine, with intent to distribute, SDCL 22–42–2, a Class 4 felony,

B) Possession (on or about February 14, 1989) of more than one-half pound but less than one pound of marijuana, SDCL 22–42–6, a Class 6 felony, and

C) Possession (on or about October 25, 1988) of a controlled drug, cocaine, SDCL 22–42–5, a Class 5 felony.

Thomas pled guilty to each charge. The trial court filed separate judgments for each of the three convictions on April 19, 1989. The sentences were to be served consecutively.

On April 12, 1990, Thomas filed a motion to modify the sentences. He also filed a motion to correct the sentences which alleged that the judgments entered for the two convictions resulting from the February 14, 1989 search and arrest did not reflect whether they arose from the same transaction. According to his attorney's supporting affidavit this was necessary since the penitentiary, pursuant to SDCL 24–15–6 and 24–15–7, is required to determine "whether the convictions reported by the court are 'arising from the same transaction,'" in computing parole eligibility. The penitentiary was treating Thomas as having three convictions.

The trial court, Judge Amundson, denied Thomas' motions noting there were "three separate pleas to three separate felonies to be sentenced on each one separately." The court held the record was clear but if Thomas felt the Parole Board was not treating him accurately he could pursue administrative remedies. The court filed its order denying the motion to correct sentence and denying the motion to modify sentence on April 23, 1990. Thomas did not appeal from this order.

Two years later Thomas filed a motion for correction of sentence together with a supporting affidavit seeking once again a statement the convictions resulting from the February 14, 1989, search and arrest

arose from the same transaction. The circuit court, Judge Srstka, ruled because the sentences were not illegal, there was no jurisdiction to reconsider the matter. He appeals.

## ISSUE

DID THE TRIAL COURT ERR BY REFUSING TO GRANT THOMAS' MOTION TO CORRECT HIS SENTENCE?

SDCL 23A–31–1 provides:

A court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence. A court may reduce a sentence:

(1) Within one year after the sentence is imposed;

(2) Within one hundred twenty days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal; or

(3) Within one hundred twenty days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction;

whichever is later. A court may also reduce a sentence upon revocation of probation or suspension of sentence as provided by law. The remedies provided by this section are not a substitute for nor do they affect any remedies incident to post-conviction proceedings.

Thomas does not contend that his sentences were imposed in an illegal manner. Had he, such a contention would have been beyond the trial court's jurisdiction since three years had passed since imposition of sentence. Thomas argues that his sentences are illegal, and therefore correctable at any time, because the judgments do not recite whether the convictions arise from the same transaction. Thomas believes that this language is mandated by SDCL 24–15–7 which provides, in part

In the determination of an inmate's eligibility for consideration for parole, two or more convictions arising from the same transaction, for which the sentences are made to run consecutively, shall be considered as one conviction. Two or more sentences arising from different transactions for which the sentences are made to run consecutively shall be considered as separate convictions.

SDCL 23A–27–4, however, mandates what a judgment of conviction must contain:

In felony and Class 1 misdemeanor cases, judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. In the case of multiple convictions arising from different transactions, a separate judgment of conviction shall be entered for each conviction. If a defendant is found not guilty or for any other reason is entitled to be discharged, the judgment therefor shall be entered forthwith. Judgments of conviction shall be signed by the judge and filed with the clerk.

In this case the judgment met these statutory requirements. There were multiple convictions and separate judgments were entered, leading to the implication that the trial court viewed the convictions as arising from different transactions. This is consistent with Judge Amundson and State's Attorney Nelson's recollection, harmonizes with SDCL 24–15–7, and, contrary to Thomas' assertion, does show a trial court determination of whether or not the convictions arise out of the same transaction.

"[I]llegal sentences are essentially only those which exceed the relevant statutory maximum limits or violate double jeopardy or are ambiguous or internally contradictory." 8A J. Moore, Moore's Federal Practice § 35.06(a) (2d ed.1992). *See State v. Bucholz*, 403 N.W.2d 400 (S.D.1987). Thomas' sentences are not illegal. Therefore, the circuit court, Judge Srstka, did not have any jurisdiction to correct them.

The orders are affirmed.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., participating.

AMUNDSON, J., disqualified.