#24660-rev-PER CURIAM
**2008 SD 73**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                 Plaintiff and Appellee,

    v.

JAMES M. KRAMER,                     Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
LYMAN COUNTY, SOUTH DAKOTA

* * * *

HONORABLE LORI S. WILBUR
Judge

* * * *

LAWRENCE E. LONG
Attorney General

CRAIG M. EICHSTADT
Assistant Attorney General          Attorneys for plaintiff
Pierre, South Dakota               and appellee.

WALLY EKLUND of
Johnson, Eklund Law Office       Attorneys for defendant
Gregory, South Dakota            and appellant.

* * * *

CONSIDERED ON BRIEFS
ON MARCH 26, 2008

OPINION FILED **7/23/08**

#24660

PER CURIAM

[¶1.]	James Kramer was convicted of three separate hunting violations. In this appeal he challenges the revocation of his hunting privileges contending the revocation was for a longer period than authorized by law. We agree and reverse.

BACKGROUND

[¶2.]	On March 14, 2005, following a court trial before the Honorable Max Gors, Kramer was convicted of hunting with a revoked license, hunting big game on highway and public rights of way, and hunting on private land without consent. The convictions were ordered to be served consecutively and Kramer was sentenced to 160 days in the county jail. The circuit court also ordered Kramer's hunting privileges revoked for a period of one year for each count to run consecutively, effectively revoking his hunting privileges for three years. No appeal was filed from this judgment of conviction.

[¶3.]	On January 26, 2006, acting pursuant to a motion Kramer filed for a modification of his sentence, the circuit court (again Judge Gors) ordered that Kramer would receive credit for the time he had served and the remainder of the jail sentence would be suspended upon the condition that his hunting privileges would be revoked for life.

[¶4.]	On May 24, 2007, Kramer filed a motion pursuant to SDCL 23A-31-1 (Rule 35) alleging that the January 26, 2006, order revoking his hunting privileges for life was an illegal sentence as it was in excess of the punishment authorized by the relevant statutory authority. Additionally, Kramer argued that a revocation could not exceed one year or be consecutive. This motion was filed with the

Honorable Judge Lori Wilbur as the result of Judge Gors' retirement from the bench.

[¶5.]     The circuit court found that the original judgment of conviction which revoked Kramer's hunting privileges for three years, based on the consecutive running of the one-year terms for each conviction, was permissible under SDCL 22-6-6.1.  However, the court found that the lifetime revocation was unauthorized and constituted an illegal sentence.  As a result, the court reinstated the original three year revocation consisting of the three consecutive one-year terms under the original judgment of conviction and the jail time remained suspended.  An order to this effect was entered on September 28, 2007.  Kramer appeals.

ANALYSIS

ISSUE ONE

[¶6.]     **Whether this Court has jurisdiction to act in this appeal.**

[¶7.]     The State argues that this Court is without jurisdiction to hear this appeal because Kramer failed to timely appeal from the original judgment of conviction.  The State misapprehends the nature of a Rule 35 motion to correct an illegal sentence.  SDCL 23A-31-1 (Rule 35) provides:

> *A court may correct an illegal sentence at any time* and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence. A court may reduce a sentence:
>
> > (1)     Within two years after the sentence is imposed;
> >
> > (2)     Within one hundred twenty days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal; or

> (3) Within one hundred twenty days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction;

> whichever is later. A court may also reduce a sentence upon revocation of probation or suspension of sentence as provided by law. The remedies provided by this section are not a substitute for nor do they affect any remedies incident to post-conviction proceedings.

(Emphasis added). A defendant's motion to correct an illegal sentence does not permit a challenge to the underlying conviction. *See* State v. Oscarson, 898 A2d 123, 126 (Vt 2006); State v. Kerrigan, 141 P3d 1054, 1056 (Idaho 2006). Rather, "it is an attack on the sentence or the sentencing procedure." *Oscarson*, 898 A2d at 126. Kramer's appeal in this matter relates only to the illegality of the sentence imposed and not to the underlying conviction. Therefore, his failure to timely appeal his conviction is not jurisdictionally fatal.

[¶8.] In *State v. Tibbetts*, 333 NW2d 440, 441 (SD 1983), this Court specifically held that the circuit court's denial of a request to correct an illegal sentence under SDCL 23A-31-1 was properly before this Court on appeal and rejected the State's contention that the appeal was procedurally improper. Moreover, this Court has consistently reviewed such requests. *See e.g.*, Application of Grosh, 415 NW2d 824 (SD 1987); State v. Thomas, 499 NW2d 621 (SD 1993); State v. Moon, 514 NW2d 705 (SD 1994); State v. Sieler, 1996 SD 114, 554 NW2d 477. *See also* State v. Steen, 665 NW2d 688, 689-90 (ND 2003)(holding a defendant has a right to appeal an order from a motion to correct an illegal sentence under Rule 35). Consequently, Kramer's sentencing challenge is properly before the Court and we proceed to the merits.

ISSUE TWO

[¶9.]        **Whether the circuit court was authorized to revoke Kramer's hunting privileges for three consecutive one-year terms.**

[¶10.]       Kramer was sentenced for the hunting violations pursuant to SDCL

41-6-74.1 and SDCL 41-9-8.  Those statutes provide in relevant part:

> **41-6-74.1. Offenses causing one-year revocation of hunting, fishing, or trapping privileges.**
>
> At the time of conviction for any one of the following offenses:
>
> (1)    Violation of any game and fish law punishable as a Class 1 misdemeanor;
>
> (2)    Violation of § 41-8-37, 41-9-1.2, 41-8-17 except for a landowner, occupant, or accompanying guests of the landowner or occupant on the owner's or occupant's land or a person employed by the Department of Game, Fish and Parks in the performance of the person's duty, or  41-12-12;
>
> (3)    Violation of any other statute or rule pertaining to fishing, hunting, or possessing game or game fish without a license or during a closed season; or
>
> (4)    Taking or possessing in excess of the lawful daily or possession limit:
>
> > (a)    One or two paddlefish;
> > (b)    Two or three turkeys;
> > (c)    Four to six, inclusive, of any one game fish as regulated other than paddlefish;
> > (d)    Four to six, inclusive, of any one small game animal as regulated;
>
> *the person's applicable hunting, fishing, or trapping privileges in South Dakota are automatically revoked without further hearing for a period of one year following date of conviction.*

(Emphasis added).

> **41-9-8. Revocation of license on conviction - Retrieval of game excepted - Civil remedies of landowner unaffected.**
>
> Any person who knowingly enters or remains on private property for the purpose of hunting, fishing or trapping, in violation of § 41-9-1 or 41-9-2, *shall lose hunting, trapping, or fishing privileges for one year following the conviction*. If the person is the holder of a license to hunt, trap, or fish, the court shall require the license holder to surrender and deliver the license to the court to be returned to the Department of Game, Fish and Parks. For the purpose of this section, the term, guilty, has the same meaning as the term, conviction, in § 32-12-53.

(Emphasis added). Kramer argues that under the plain terms of these statutes his hunting privileges could only be suspended for one year following the date of his convictions and there was no authority for the circuit court to order the revocations to be served consecutive. We agree.

[¶11.] "Statutory interpretation is a question of law, reviewed de novo." State v. Burdick, 2006 SD 23, ¶ 6, 712 NW2d 5, 7. "When the language of a statute is clear and unambiguous, our only function is to declare the meaning of the statute as clearly expressed." *Id.* (citations omitted). Both of the above sentencing provisions indicate that loss of hunting privileges for a violation shall occur for a period of one year following the applicable conviction. There is no mention in the statutory framework concerning a circuit court's authority to impose consecutive revocations of hunting privileges in the event of multiple convictions. Instead, the circuit court seized upon SDCL 22-6-6.1 to support consecutive revocations. That statute provides:

> If a defendant is convicted of two or more offenses, regardless of when the offenses were committed or when the judgment or sentence is entered, the judgment or sentence may be that the *imprisonment* on any of the offenses or convictions may run concurrently or consecutively at the discretion of the court.

SDCL 22-6-6.1 (emphasis added).  While this statute provides authority for the circuit court to order consecutive terms of imprisonment, which we note the court ordered here and is not disputed, it cannot be interpreted to support an order of consecutive revocations of hunting privileges.  *See* State v. Flittie, 318 NW2d 346, 349 (SD 1982); State v. Arguello, 1996 SD 57, ¶ 7, 548 NW2d 463, 464 (recognizing the purpose of SDCL 22-6-6.1 is to limit a court's power to impose consecutive sentences to situations described in the statute).  By its plain terms, SDCL 22-6-6.1 only authorizes consecutive sentences for terms of "imprisonment" and a revocation of hunting privileges does not constitute "imprisonment" under its plain and ordinary meaning.  "This Court will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning."  *Arguello*, 1996 SD 57, ¶ 7, 548 NW2d at 464.

[¶12.]     "Illegal sentences are essentially only those which exceed the relevant statutory maximum limits or violate double jeopardy or are ambiguous or internally inconsistent."  *Sieler*, 1996 SD 114, ¶ 7, 554 NW2d at 480; *see also* State v. Schwebach, 2000 SD 50, 609 NW2d 130 (holding the circuit court exceeded the statutory authority in revoking defendant's driving privileges for life when the maximum statutory period for revocation was two years).  The portion of Kramer's sentence that revoked his hunting privileges for three years based on consecutive one-year terms was unauthorized under the statutory framework.  No matter what

purpose or public benefit the circuit court considered in revoking Kramer's hunting privileges for three years, the court cannot exceed the sentence authorized by law. Revocation of hunting privileges in this matter should have been for one year from the date of convictions as provided by SDCL 41-6-74.1 and SDCL 41-9-8.

[¶13.]    Accordingly, we reverse the circuit court's denial of the Rule 35 motion to correct an illegal sentence and remand with instructions for the court to modify the sentence consistent with this opinion.

[¶14.]    GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.