#26807-a-DG

**2014 S.D. 67**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

JOSE ANGEL GARZA,                         Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE BRADLEY G. ZELL
Judge

* * * *

MARTY J. JACKLEY
Attorney General

BETHANY L. ERICKSON
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.


CHERI SCHARFFENBERG
Olson, Waltner & Scharffenberg, LLP
Tea, South Dakota                         Attorneys for defendant
                                          and appellant.


* * * *

                                          CONSIDERED ON BRIEFS
                                          ON APRIL 28, 2014
                                          OPINION FILED **09/24/14**

#26807

GILBERTSON, Chief Justice

[¶1.]        Defendant Jose Garza was convicted of first-degree arson and first-

degree felony murder in a single trial for intentionally setting fire to an occupied

structure and the resulting death of an unidentified victim in the fire.  Arson served

as the underlying felony to support the felony murder charge.  Garza was given

concurrent life sentences without parole for each conviction.  The circuit court

denied Garza's motion to correct an illegal sentence, rejecting his claim that the

concurrent sentences violated the Double Jeopardy Clause.  We affirm.

## FACTS AND PROCEDURAL HISTORY

[¶2.]        The underlying facts of this case were described in *State v. Garza*, 1997

S.D. 54, ¶¶ 2-4, 563 N.W.2d 406:

> At approximately 9:00 a.m. on the morning of February 24,
> 1995, Jose Sanchez (Sanchez) hosted a party at his apartment
> located at 231 South Spring in Sioux Falls, South Dakota.
> Throughout the morning and early afternoon hours, a large
> amount of alcohol was consumed by the occupants and guests.
> Garza arrived at Sanchez' apartment around 4:00 p.m. and
> found the majority of the participants intoxicated.  Garza
> consumed alcohol with the other guests after his arrival.
>
> Later, Ansellmo Montinegro (Montinegro) and Garza had an
> altercation.  After Montinegro broke the strings of a guitar,
> Garza grabbed it and broke it further.  Another participant at
> the party attempted to stop Garza and a further altercation
> ensued.  Next, the evidence showed that Garza went to the
> stove, turned on the gas, lit all four burners, and threatened he
> could burn down the house.  Also, Garza was observed putting
> his lighter up to the fuse box in the apartment, but the fuse box
> door was closed by another person at the party to deter this act.
>
> At approximately 9:30 p.m., Garza left the party.  Garza was
> later identified as having purchased forty-five cents worth of
> gasoline at a nearby 7-11 store at 11:00 p.m.  Within twenty
> minutes of his purchase, the apartment building at 231 South
> Spring was on fire.  All of the occupants escaped the burning

building, except for John Doe, who died of carboxyhemoglobin poisoning.

[¶3.] The State charged Garza with one count of first-degree felony murder, with arson as the underlying felony, and one count of first-degree arson. SDCL 22-16-4 (1995); SDCL 22-33-1 (1995). The jury found Garza guilty of both offenses, and he received a life sentence without parole for each. Garza raised four issues on direct appeal, but did not challenge his sentence as violating the Double Jeopardy Clause. *Garza*, 1997 S.D. 54, ¶ 5, 563 N.W.2d at 408. This Court affirmed his conviction on all issues raised on direct appeal. *Id.* ¶ 35, 563 N.W.2d at 413. In November of 2011, Garza filed a motion to correct illegal sentence, alleging that the imposition of sentences for both felony murder and arson violated the Double Jeopardy Clause. The trial court issued an order denying the motion. Garza filed a timely appeal to this Court, alleging that the trial court erred in denying his motion to correct illegal sentence.

## ANALYSIS AND DECISION

[¶4.] 1. *Whether this Court has jurisdiction over an appeal from an order denying a motion to correct illegal sentence.*

[¶5.] As an initial matter, the State argues that this Court does not have jurisdiction over this matter because SDCL 23A-32-2 gives a defendant the right to appeal only from a final judgment of conviction. We squarely rejected this same argument in *State v. Kramer* and held that challenges to a trial court's order granting or denying a motion to correct an illegal sentence under SDCL 23A-31-1 (Rule 35) may properly come before this Court on appeal. 2008 S.D. 73, ¶¶ 7-8, 754 N.W.2d 655, 657. *See also State v. Tibbetts*, 333 N.W.2d 440, 441 (S.D. 1983)

(allowing appeal of circuit court's denial of a request to correct an illegal sentence under SDCL 23A-31-1). As we noted in *Kramer*, this Court has consistently reviewed these challenges to the legality of a sentence. 2008 S.D. 73, ¶ 8, 754 N.W.2d at 657 (citing *State v. Sieler*, 1996 S.D. 114, 554 N.W.2d 477; *State v. Moon*, 514 N.W.2d 705 (S.D. 1994); *State v. Thomas*, 499 N.W.2d 621 (S.D. 1993); *In re Application of Grosh*, 415 N.W.2d 824 (S.D. 1987)). Accordingly, we reject the State's argument that we should decline to consider Garza's appeal.

[¶6.] However, Garza asserts that the proper remedy in this case would be to vacate both the conviction and sentence for first-degree arson, leaving the conviction for first-degree felony murder intact. South Dakota law authorizes a court to provide a more limited remedy. SDCL 23A-31-1 (Rule 35). Under that rule, a court may "correct an illegal *sentence* at any time," but not an improper *conviction*. *Id.* (emphasis added). *See also Kramer*, 2008 S.D. 73, ¶ 7, 754 N.W.2d at 657 ("A defendant's motion to correct an illegal sentence does not permit a challenge to the underlying conviction.").[1] Garza's challenge to the underlying conviction is not cognizable under the procedural mechanism used in this case. Accordingly, our review is limited to whether the sentence in this case was illegal and should be vacated.

[¶7.] 2. *Whether imposition of sentences for felony murder and the underlying felony of arson violates the constitutional prohibition against double jeopardy.*

---

1. This is distinguishable from a timely direct appeal from a conviction, where a party raising double jeopardy concerns may properly challenge both the underlying conviction and the sentence imposed. *See State v. Dillon*, 2001 S.D. 97, ¶ 22, 632 N.W.2d 37, 46; *State v. Well,* 2000 S.D. 156, ¶ 25, 620 N.W.2d 192, 197.

[¶8.]        Garza argues that the South Dakota Legislature did not intend to authorize multiple punishments for the single act of burning a building. Specifically, he argues that the Legislature intended arson and felony murder to be treated and punished as a single offense. Garza contends that "the murder charge is really 'aggravated arson'—arson plus a resulting death." Consequently, he asserts that imposing multiple punishments for his single act violated the Double Jeopardy Clause. We disagree.

[¶9.]        Because Garza alleges constitutional violations, raising issues of legislative intent and statutory interpretation, we review his claims under the de novo standard. *State v. Long Fox*, 2013 S.D. 40, ¶ 11, 832 N.W.2d 55, 58; *Kramer*, 2008 S.D. 73, ¶ 11, 754 N.W.2d at 658.

[¶10.]        The double jeopardy prohibition in the Fifth Amendment to the United States Constitution, and Article VI, Section 9, of the South Dakota Constitution, "protect[s] against three types of governmental abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *State v. Johnson*, 2007 S.D. 86, ¶ 12, 739 N.W.2d 1, 6 (quoting *State v. Lafferty*, 2006 S.D. 50, ¶ 4, 716 N.W.2d 782, 784). *See also Jones v. Thomas*, 491 U.S. 376, 380-81, 109 S. Ct. 2522, 2525, 105 L. Ed. 2d 322 (1989). In the first two contexts—a second prosecution subsequent to acquittal or conviction—the United States Supreme Court has consistently found a violation of the Double Jeopardy Clause unless each of the charged offenses "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932) (citing

*Gavieres v. United States*, 220 U.S. 338, 342, 31 S. Ct. 421, 422, 55 L. Ed. 489 (1911)). If such proof is required, then the single act may be an offense against two statutes and "an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.* (quoting *Morey v. Commonwealth*, 108 Mass. 433, 434 (Mass. 1871)).

[¶11.]     The analysis is different, however, in the context of multiple punishments for the same criminal act. When "it is not contended that [a defendant's] right to be free from multiple trials for the same offense has been violated[,]" but rather where cumulative sentences are imposed in a single trial, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 365-66, 103 S. Ct. 673, 678, 74 L. Ed. 2d 535 (1983). Accordingly, "[t]he question of what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed." *Id.* at 368, 103 S. Ct. at 679 (quoting *Albernaz v. United States*, 450 U.S. 333, 344, 101 S. Ct. 1137, 1145, 67 L. Ed. 2d 275 (1981)); *State v. Simons*, 313 N.W.2d 465, 467 (S.D. 1981) (quoting *Albernaz*, 450 U.S. at 344, 101 S. Ct. at 1145). While a question of multiple prosecutions, then, is a constitutional question that must be resolved according to the *Blockburger* test, the determination of whether the same criminal act can be punished under two separate statutes in one trial is a question of state law to be determined in state courts. *See Hunter*, 459 U.S. at 368, 103 S. Ct. at 679 (citing *O'Brien v. Skinner*, 414 U.S. 524, 531, 94 S. Ct. 740, 743, 38 L. Ed. 2d 702 (1974)) (acknowledging that the United States Supreme Court was

bound by the Missouri Supreme Court's conclusion that Missouri statutes authorized multiple punishments for one criminal act). Thus, the primary issue before this Court is whether the South Dakota Legislature intended first-degree arson and felony murder to be separately punishable offenses, not whether they constitute the same offense under the federal formulation of the *Blockburger* test.

[¶12.]    We have an "[e]stablished double jeopardy jurisprudence[, which] confirms that the Legislature may impose multiple punishments for the same conduct without violating the Double Jeopardy Clause if it clearly expresses its intent to do so." *State v. Deneui*, 2009 S.D. 99, ¶ 65, 775 N.W.2d 221, 247 (quoting *State v. Dillon*, 2001 S.D. 97, ¶ 13, 632 N.W.2d 37, 43). "The true intent of the legislature is ascertained primarily from the language of the statute." *Johnson*, 2007 S.D. 86, ¶ 13, 739 N.W.2d at 6 (quoting *Lafferty*, 2006 S.D. 50, ¶ 6, 716 N.W.2d at 784). At the time of Garza's conviction, South Dakota's felony murder statute provided in pertinent part:

> Homicide is murder in the first degree when perpetrated without authority of law and with a premeditated design to effect the death of the person killed or of any other human being, or when committed by a person engaged in the perpetration of, or attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, or unlawful throwing, placing, or discharging of a destructive device or explosive.

SDCL 22-16-4 (1995). South Dakota's first-degree arson statute provided:

> Any person who intentionally sets fire to or burns or causes to be burned any occupied structure, knowing the same to be occupied at the time, is guilty of arson in the first degree. Arson in the first degree is a Class 1 felony.

SDCL 22-33-1 (1995). Although the Legislature has authorized the imposition of either concurrent or consecutive sentences when a defendant is convicted of two or

more offenses, SDCL 22-6-6.1, we are unable to find any expressly stated legislative intent to support the imposition of multiple penalties.

[¶13.]    However, a "second inquiry follows when legislative intent to impose multiple punishments is uncertain." *Dillon*, 2001 S.D. 97, ¶ 18, 632 N.W.2d at 45. In discerning legislative intent, "we employ the *Blockburger* analysis." *Id.* Accordingly, we ask "whether each provision requires proof of an additional fact which the other does not." *Deneui*, 2009 S.D. 99, ¶ 65, 775 N.W.2d at 248 (quoting *Dillon*, 2001 S.D. 97, ¶ 13, 632 N.W.2d at 43). "[T]wo offenses may be said to have occurred only if each statute requires proof of an additional fact which the other does not." *State v. Hoffman*, 430 N.W.2d 910, 911 (S.D. 1988). *See also Johnson*, 2007 S.D. 86, ¶ 16, 739 N.W.2d at 7*; State v. Weaver*, 2002 S.D. 76, ¶¶ 10-19, 648 N.W.2d 355, 359-63; *Dillon*, 2001 S.D. 97, ¶ 14, 632 N.W.2d at 43; *State v. Augustine*, 2000 S.D. 93, ¶¶ 13-24, 614 N.W.2d 796, 798-99; *State v. Darby*, 1996 S.D. 127, ¶ 16, 556 N.W.2d 311, 317.  Although we commonly refer to this analysis as the *Blockburger* test, in reference to its application by the United States Supreme Court, *see Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182,[2] this usage can be misleading.  In utilizing the *Blockburger* test to ascertain the intent behind

---

2.    Our use of the *Blockburger* test in multiple-prosecution double jeopardy analysis actually predates the *Blockburger* decision.  *See State v. Caddy*, 15 S.D. 167, 87 N.W. 927, 928 (1901) (quoting *Morey*, 108 Mass. at 434) ("A single act may be an offense against two statutes, and, if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.").  *See also State v. Seidschlaw*, 304 N.W.2d 102, 106-07 (S.D. 1981) (noting that the United States Supreme Court's *Blockburger* decision adopted a "similar test" to ours to determine whether there were two distinct offenses).

South Dakota law, we part ways with the federal analysis to the extent that we examine "only the statutory elements comprising the offenses without regard to how the offenses were charged, how the jury was instructed, or how the underlying proof for the necessary elements was established." *Dillon*, 2001 S.D. 97, ¶ 18, 632 N.W.2d at 45. In other words, while our *Blockburger* "formula" is the same, the "variables" we feed into that formula differ slightly from the federal application.[3] Thus, while a federal application of *Blockburger* might lead us to conclude that two South Dakota statutes punish the same offense for the purpose of determining the constitutionality of subsequent prosecutions, South Dakota's application of *Blockburger*, under the same facts, might lead us to conclude that the two statutes were meant to punish different offenses for the purpose of determining whether punishment under both statutes exceeds the degree of punishment intended by the South Dakota Legislature.

[¶14.] According to our application of the *Blockburger* test in this case, and for the purpose of ascertaining the intent behind South Dakota law, the plain language of the statutes reveals that each statutory offense requires proof of an element not required to establish a violation of the other. It is possible to commit a felony murder without committing a first-degree arson and vice versa.[4] First-

---

3. The special writing argues that "[i]t is not possible to prove felony murder under SDCL 22-16-4 without also proving arson under SDCL 22-33-1." Yet, we held in *Dillon* that we examine "only the statutory elements comprising the offenses *without regard to how the offenses were charged*[.]" 2001 S.D. 97, ¶ 18, 632 N.W.2d at 45 (emphasis added).

4. The special writing disagrees with this statement, arguing that the United States Supreme Court has "consistently treated the conviction of a predicate

(continued . . .)

degree felony murder requires the State to prove that the death of an individual occurred, an element not required to prove first-degree arson. First-degree arson requires the burning of an occupied structure, which is not a required element of felony murder. First-degree felony murder does not necessarily require proof of the burning of an occupied structure because first-degree felony murder can instead be proven with any of a number of enumerated completed or attempted crimes. SDCL 22-16-4 (1995). In other words, because arson is sufficient to serve as the predicate felony to felony murder, but is not necessary, it cannot be said that the burning of an occupied structure is a *requirement* of felony murder. *See Simons*, 313 N.W.2d at 467-68 (noting, in a prosecution charging both murder and the commission of a felony while armed for the shooting death of the victim, that "[w]hile the use of a firearm was necessarily alleged in the information, it is not an element of the statutory offense of murder because a homicide can be perpetrated by myriad means"). Accordingly, Garza's challenge fails under our application of the *Blockburger* test, because each offense necessitates "proof of an additional fact which the other does not." *Dillon*, 2001 S.D. 97, ¶ 14, 632 N.W.2d at 43. Contrary to Garza's position, first-degree arson is not a necessarily included lesser offense of felony murder. As we quoted in *Johnson*, "[A]lthough the two statutes may be

_____

(. . . continued)
felony for felony murder and a conviction of the felony murder charge itself as the same offense under the Double Jeopardy Clause." However, both cases cited in support of this view involve multiple *prosecutions* rather than multiple *punishments*. As discussed above, the question of whether multiple punishments conform to the requirements of the Double Jeopardy Clause turns not on the *federal* application of the *Blockburger* test, but rather on the discernment of *state* legislative intent through *state* rules of construction.

violated together, they are not necessarily violated together." 2007 S.D. 86, ¶ 18, 739 N.W.2d at 8 (quoting *State v. Armendariz*, 141 P.3d 526, 533-44 (N.M. 2006)).

[¶15.]        Garza argues that, under the United States Supreme Court's decision in *United States v. Whalen*, we should conclude that multiple punishments in this case would violate double jeopardy. 445 U.S. 684, 691-92, 100 S. Ct. 1432, 1437-38, 63 L. Ed. 2d 715 (1980). In *Whalen*, the defendant was convicted of rape and felony murder with rape as the underlying felony. The Supreme Court, interpreting a District of Columbia felony-murder statute similar to South Dakota's, concluded that a felony murder in that case could not be proven without proving all the elements of rape, and therefore each statutory offense did not require the proof of a fact which the other did not. *Id.* at 693-94. The Supreme Court rejected the government's argument that not all felony murders required proof of a rape, and therefore the crimes could be charged as separate offenses with separate punishments. *Id.* Therefore, the *Blockburger* test was not met and the imposition of multiple punishments violated double jeopardy. *Id.*

[¶16.]        Garza argues that this Court should come to the same result as *Whalen*.[5] Although *Whalen* presented the United States Supreme Court with a similar statutory scheme to the one challenged in this case, we decline to apply the holding of *Whalen*. First we point out that, as a federal enclave, the laws of the District of Columbia derive from acts of Congress and are inherently federal in

5.       We note that the *Whalen* decision was barely one and one-half years old when we rejected its approach of examining the indictment, rather than the statutory text. Thus, we have never followed *Whalen*. *See Simons*, 313 N.W.2d at 467-68.

nature. Consequently, the Supreme Court determined that Congress intended the "rule of statutory construction stated by [the Supreme Court] in *Blockburger v. United States*" to apply when determining whether two statutes punish the same offense in the District of Columbia. *Whalen*, 445 U.S. at 691, 100 S. Ct. at 1437. Second, and in contrast, we again note that questions of legislative intent are left to the determination of state courts. *Hunter*, 459 U.S. at 368, 103 S. Ct. at 679. *See also Whalen*, 445 U.S. at 687-88, 100 S. Ct. at 1435 (recognizing that the United States Supreme Court is "barred from reviewing a state court's interpretation of a state statute"). Thus, we are not bound by the United States Supreme Court's application of *Blockburger* to the District of Columbia statutes. *See id.* (noting that the Supreme Court had "utilized [the *Blockburger*] rule only to limit a *federal* court's power to impose convictions and punishments when the will of Congress is not clear" (emphasis added)). Looking to this Court's application of *Blockburger*, we conclude that the *Whalen* analysis is not in line with our precedent of interpreting statutes for double jeopardy purposes.

[¶17.] *Whalen* departed from an abstract approach of applying the *Blockburger* test to the statutory elements and instead applied the test to how the crimes were actually charged. 445 U.S. at 694, 100 S. Ct. at 1439 ("In the present case, however, proof of rape is a necessary element of proof of the felony murder . . . ."). *See also id.* at 711-12, 100 S. Ct. at 1448 (Rehnquist, J., dissenting) (noting that the majority opinion "chooses instead to apply the test to the indictment"). As indicated above, this Court has clearly stated that, when applying the *Blockburger* test to ascertain legislative intent, we do not consider how the

-11-

offenses were proven at trial. *Dillon*, 2001 S.D. 97, ¶ 18, 632 N.W.2d at 44-45. *See also Johnson*, 2007 S.D. 86, ¶ 17, 739 N.W.2d at 7 (applying *Blockburger* to statutes in the abstract). "The test is whether the same act or transaction may constitute two distinct offenses if each offense *as defined by statute* requires the proof of some fact or element not required to establish the other." *Augustine*, 2000 S.D. 93, ¶ 13, 614 N.W.2d at 798 (emphasis added) (quoting *Seidschlaw*, 304 N.W.2d at 106) (internal quotation marks omitted).

[¶18.]     Our primary focus when determining legislative intent is on the language used in the statute. *See, e.g.*, *Lafferty*, 2006 S.D. 50, ¶ 6, 716 N.W.2d at 784 (citing *State v. Bordeaux*, 2006 S.D. 12, ¶ 8, 710 N.W.2d 169, 172) ("The true intent of the Legislature is ascertained primarily from the language of the statute."). Our traditional application of the *Blockburger* test leads to a consistent interpretation of legislative intent that keeps the statutory language creating the offenses at the forefront of the analysis, rather than focusing on how the offenses were charged in a particular case. We see no compelling reason to abandon this approach. As the Michigan Supreme Court noted:

> [W]e must not lose sight of the fact that the *Blockburger* test is a tool to be used to ascertain legislative intent. *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983). Because the statutory elements, not the particular facts of the case, are indicative of legislative intent, the focus must be on these statutory elements.

*People v. Ream*, 750 N.W.2d 536, 545 (Mich. 2008) (rejecting double jeopardy claim where the defendant was convicted of both felony murder and the predicate felony of criminal sexual conduct). We therefore decline Garza's request to apply *Whalen*'s

conclusion that felony murder and the underlying felony are the same offense, under South Dakota law, for the purpose of imposing multiple punishments.

[¶19.]    The conclusion that the Legislature intended felony murder and arson to be separate offenses is reinforced by the separate evils addressed by the homicide and arson statutes in South Dakota. "Statutes that are 'directed toward protecting different social norms and achieving different policies can be viewed as separate and amenable to multiple punishments.'" *Johnson*, 2007 S.D. 86, ¶ 18, 739 N.W.2d at 8 (quoting *Armendariz*, 141 P.3d at 533-34). *See also Albernaz*, 450 U.S. at 343, 101 S. Ct. at 1144 (noting "separate evils" of drug importation and distribution as supporting a finding of no double jeopardy violation in a conviction for both). The homicide statutes seek to protect human life by prohibiting the killing of another human being. *See* SDCL chapter 22-16. The arson statutes encompass a similar concern for the protection of human life, especially by prohibiting the act of burning occupied structures. SDCL 22-33-1 (1995). However, arson also encompasses burning unoccupied structures, and even personal property.[6] These prohibitions demonstrate a legislative concern not only for human life, but also for the property interests harmed by arson. This policy concern is not encompassed by the homicide statutes. These different societal interests addressed by the two offenses further

---

6.    SDCL 22-33-3 (1995) (prohibiting the burning of unoccupied structures and burning of personal property valued in excess of twenty-five dollars). The different societal interests protected by the homicide and arson statutes are highlighted in the case at bar. The owner and tenants of the building burned by Garza suffered significant harm to their property interests. At the same time, an unidentified person was killed as a result of Garza's intentional act—a harm the homicide statutes aim to protect against.

support our conclusion that the Legislature intended to authorize cumulative punishment for violations of felony murder and the underlying felony of arson.

## CONCLUSION

[¶20.] Under our application of the *Blockburger* test, felony murder and first-degree arson are not the "same offense" for the purpose of cumulative punishment analysis. The imposition of punishment under both statutes, in the same prosecution, does not exceed the punishment prescribed by the South Dakota Legislature and, consequently, does not violate the Due Process Clause. Therefore, the circuit court was authorized by the Legislature to impose concurrent sentences for both crimes. Accordingly, we affirm the circuit court's denial of Garza's motion to correct an illegal sentence.

[¶21.] ZINTER, SEVERSON, and WILBUR, Justices, concur.

[¶22.] KONENKAMP, Justice, concurs in result.


KONENKAMP, Justice (concurring in result).

[¶23.] Although I agree with the result the Court reaches, I disagree with its declaration that "[i]t is possible to commit a felony murder without committing a first-degree arson and vice versa." *See supra* Majority Opinion ¶ 14. Under the *Blockburger* rule, convictions of two criminal offenses arising from the same act are prohibited only when the greater offense necessarily includes all the elements of the lesser offense.[7] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182,

---

7. Contrary to the Court's claim, this writing does not part ways with the federal *Blockburger* analysis. *Contra Roberts v. State*, 712 N.E.2d 23, 30 (Ind.

(continued . . .)

76 L. Ed. 306 (1932).  For felony murder, the United States Supreme Court has consistently treated the conviction of a predicate felony and a conviction of the felony murder charge itself as the same offense under the Double Jeopardy Clause. *See Harris v. Oklahoma*, 433 U.S. 682, 682-83, 97 S. Ct. 2912, 2912-13, 53 L. Ed. 2d 1054 (1977) (per curiam) (defendant convicted for felony murder based on underlying offense of robbery with firearms; subsequent prosecution for robbery with firearms precluded by the Double Jeopardy Clause); *see also Payne v. Virginia*, 468 U.S. 1062, 1062, 104 S. Ct. 3573, 3573-74, 82 L. Ed. 2d 801 (1984) (per curiam) (same).

[¶24.]     In South Dakota, arson is one of the necessary predicate offenses of first-degree felony murder.  SDCL 22-16-4(2).  Therefore, applying the *Blockburger* rule here, arson constitutes the same offense as felony murder for purposes of double jeopardy analysis, where the felony murder statute requires the act be committed by a person "engaged in the perpetration of . . . any arson," SDCL 22-16-4 (1995), and the first-degree arson statute requires an act of arson — "intentionally set[ting] fire to . . . any occupied structure[.]"  SDCL 22-33-1 (1995).  It is not possible to prove felony murder under SDCL 22-16-4 without also proving arson under SDCL 22-33-1.  Our issue in this case concerns not the *conviction* of two offenses, but the resulting *punishment*.

---

(. . . continued)

    Ct. App. 1999) (applying a more stringent test) (cited by this Court in *Dillon*, 2001 S.D. 97, ¶ 20, 632 N.W.2d at 46).  Rather, *Blockburger* is not conclusive on whether multiple *punishments* are precluded for different offenses arising out of the same conduct.  *Dillon*, 2001 S.D. 97, ¶ 14, 632 N.W.2d at 43.

[¶25.]       Nor do I agree with the Court's reasons for declining to follow *Whalen v. United States*, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980). *Whalen* is distinguishable for different reasons. First, it can be read narrowly to apply only to consecutive sentences. Here the sentences were concurrent. Second, the *Whalen* Court construed District of Columbia law, in which the Court found that a district sentencing statute "clearly confirms that Congress intended the federal courts to adhere strictly to the *Blockburger* test when construing the penal provisions of the District of Columbia Code." *Id.* at 692, 100 S. Ct. at 1438. South Dakota has no equivalent statute.

[¶26.]       Yet, as the Court points out, application of the *Blockburger* rule does not end our double jeopardy analysis. "[T]he *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history." *Garrett v. United States,* 471 U.S. 773, 779, 105 S. Ct. 2407, 2411, 85 L. Ed. 2d 764 (1985). If the "[L]egislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69, 103 S. Ct. 673, 679, 74 L. Ed. 2d 535 (1983).

[¶27.]       I agree with the Court's rationale for concluding that our Legislature intended felony murder and arson to be separately punishable offenses. Other courts have reasoned likewise. *See, e.g.*, *State v. Greco*, 579 A.2d 84, 89-92 (Conn. 1990); *State v. McCovey*, 803 P.2d 1234, 1239 (Utah 1990).