#27200-rem-GAS

**2015 S.D. 71**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

JOHN T. PENTECOST,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CRAIG A. PFEIFLE
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ANN C. MEYER
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                     and appellee.

MATTHEW T. STEPHENS
Rapid City, South Dakota                    Attorney for defendant
                     and appellant.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 20, 2015

OPINION FILED **08/12/15**

#27200

SEVERSON, Justice

[¶1.] John Pentecost pleaded guilty to burglary in November 2012 and was sentenced in December 2012. His attorney attempted to appeal but failed to file a notice of appeal within the time provided by statute. Pentecost was resentenced in August 2014 and now attempts to appeal based on the amended judgment. He asserts that the circuit court accepted his guilty plea to second-degree burglary without establishing a factual basis. This Court issued an order to show cause why the appeal should not be dismissed on the grounds that no appeal of right exists from the judgment sought to be appealed. Based on the responses to the order to show cause, we remand.

## Background

[¶2.] On April 19, 2012, Lisa Sea contacted law enforcement to report that her ex-husband John Pentecost was in her home uninvited. Pentecost told Sea, via text message, that he was in her residence and had changed the locks. Sea and Pentecost had shared the residence prior to their divorce in April of 2011. Sea advised police that Pentecost had not lived in the home for over a year. Law enforcement officers arrived at the scene and were able to apprehend Pentecost. Law enforcement observed that Pentecost brought a number of personal items into the residence with him including a laptop computer, notepad, multiple bags, suitcases, and clothing. Pentecost's car was parked outside the residence. He informed law enforcement that he had a shotgun in the vehicle. Law enforcement removed the shotgun along with two boxes of shells.

[¶3.]     On April 22, 2012, Sea contacted law enforcement a second time to report discovering a plastic bag in her garage. She suspected that Pentecost left it there. The bag contained zip ties, a roll of duct tape, and rope. Receipts from Menard's, Safeway, and Cabela's were also inside. The Menard's receipt showed a purchase of zip ties, cable wraps, and rope; the Safeway receipt showed duct tape and electrical tape purchases. The Cabela's receipt in the bag reflected the purchase of the shotgun found in Pentecost's vehicle. The Menard's and Cabela's receipts indicated that they were purchased with a credit card bearing the same last four digits of a credit card in Pentecost's wallet. The Safeway purchase was made with cash.

[¶4.]     Pentecost was charged with second degree burglary, stalking, and threatening or harassing contact. At arraignment on May 21, 2012, he pleaded not guilty to all charges. The State subsequently offered Pentecost a plea agreement. In exchange for pleading guilty to burglary and paying the costs of prosecution and restitution, the State would dismiss the remaining charges and recommend no more than a six-year sentence. Judge Craig Pfeifle held a change-of-plea hearing on November 5, 2012; Pentecost pleaded guilty. The court accepted his plea, finding it supported by a factual basis. The court filed a judgment on December 27, 2012. Pentecost's attorney (who is not the attorney on this appeal) filed a notice of appeal on January 29, 2013, missing the deadline for appeal by one day. This Court dismissed the appeal, #26614, for lack of jurisdiction due to the untimely filing. Pentecost then petitioned for writ of habeas corpus. The habeas petition was placed

in his criminal file rather than filing it as a separate civil action.*  There is no indication in the record that notification was sent to the State, and the State did not file a return.  A letter from the presiding circuit court judge, Jeff Davis, was also filed, remanding the case for resentencing "because the two year jurisdictional time frame ha[d] not ended."

[¶5.]        A hearing was held on July 31, 2014, for the purpose of resentencing.  The day before the hearing, Pentecost filed a motion to withdraw his guilty plea.  The motion alleged that there was an insufficient factual basis to accept Pentecost's plea.  The court denied the motion, finding that a sufficient factual basis existed.  On August 15, 2014, Judge Pfeifle issued an amended judgment resentencing Pentecost, imposing the same sentence as in 2012.  Pentecost appeals from the amended judgment.

## Analysis

[¶6.]        Pentecost attempted to appeal the original judgment but missed the deadline to file a notice of appeal, which is a jurisdictional barrier for this Court to consider an appeal.  *See* SDCL 15-26A-6; *People ex rel. S.D. Dep't of Soc. Servs.*, 2014 S.D. 95, ¶ 8 & n.2, 857 N.W.2d 886, 888-89 & n.2 (discussing this Court's appellate jurisdiction and the exception applied in criminal cases).  We have explained before that where a direct appeal is no longer an option, it leaves "habeas corpus, a motion to correct an illegal sentence, or a motion to withdraw a guilty plea

---

*        Since habeas proceedings are separate civil actions, they should be filed as separate civil actions.  *See Steiner v. Weber*, 2011 S.D. 40, ¶ 5, 815 N.W.2d 549, 551.

as possible avenues for post-conviction relief." *State v. Anderson*, 2005 S.D. 22, ¶ 24, 693 N.W.2d 675, 682. Pentecost attempted a habeas corpus proceeding claiming a constitutional violation based on ineffective assistance of counsel because his attorney failed to timely file a notice of appeal. Pentecost's habeas corpus proceedings were not completed, but the presiding circuit judge, Jeff Davis, ordered resentencing before Judge Pfeifle, who originally sentenced Pentecost. This was presumably under SDCL 23A-31-1 as he referenced the time period the court had to reduce a sentence, which is contained in that statute.

[¶7.]        SDCL 23A-31-1 provides the authority for courts to correct an illegal sentence at any time or to reduce a sentence within two years after imposing the sentence. It states:

> A court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence. A court may reduce a sentence:
>
>    (1) Within two years after the sentence is imposed;
>    (2) Within one hundred twenty days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal; or
>    (3) Within one hundred twenty days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction;
>
> whichever is later. A court may also reduce a sentence upon revocation of probation or suspension of sentence as provided by law. The remedies provided by this section are not a substitute for nor do they affect any remedies incident to post-conviction proceedings.

SDCL 23A-31-1.

[¶8.]        This case does not fit within the provisions of SDCL 23A-31-1. Examples of "[i]llegal sentences [include] those which exceed the relevant statutory

maximum limits or violate double jeopardy or are ambiguous or internally inconsistent." *State v. Kramer*, 2008 S.D. 73, ¶ 12, 754 N.W.2d 655, 658 (quoting *State v. Sieler*, 1996 S.D. 114, ¶ 7, 554 N.W.2d 477, 480). Moreover, "[a] defendant's motion to correct an illegal sentence does not permit a challenge to the underlying conviction." *Id.* ¶ 7, 754 N.W.2d at 657. "Rather, 'it is an attack on the sentence or the sentencing procedure.'" *Id.* (quoting *State v. Oscarson*, 898 A.2d 123, 126 (Vt. 2006)). An example of a "[s]entence[] imposed in an *illegal manner* [is one that is] within the relevant statutory limits, but [is] imposed in a way which violates defendant's right to not have his sentence enhanced once the defendant has left the judicial branch of government and is within the jurisdiction of the executive branch." *State v. Thayer*, 2006 S.D. 40, ¶ 14, 713 N.W.2d 608, 613 (quoting *Sieler*, 1996 S.D. 114, ¶ 6, 554 N.W.2d at 479). Pentecost's sentence does not appear to fall into these categories as either an illegal sentence or a sentence imposed in an illegal manner. Further, under SDCL 23A-31-1 the court has discretion to reduce a sentence, but it did not do so in this case. Instead, it imposed the same sentence, and Pentecost does not appeal that decision.

[¶9.] Further, the circuit court denied Pentecost's motion to withdraw his plea. "The decision to allow a defendant to withdraw a guilty plea is a matter solely within the discretion of the trial court and is reviewed under an abuse of discretion standard." *State v. Goodwin*, 2004 S.D. 75, ¶ 4, 681 N.W.2d 847, 849. In this appeal Pentecost does not contend that the circuit court abused its discretion by denying his motion to withdraw his plea.

[¶10.]     Pentecost does not address how this Court has jurisdiction to consider this appeal. He jumps straight to the merits of the case. First, he contends that the circuit court failed to adequately address a potential defense with him when it originally took his plea. Second, he contends that the circuit court failed to establish a sufficient factual basis to support that he entered the residence with intent to commit a crime—a necessary element to burglary. However, it does not appear that we have the authority to review the merits of this case based on SDCL 23A-31-1 or his motion to withdraw his plea, which was denied.

[¶11.]     "This Court takes notice of jurisdictional questions regardless of whether the parties present them." *People ex rel. S.D. Dep't of Soc. Servs.*, 2011 S.D. 26, ¶ 4, 799 N.W.2d 408, 409 (per curiam). We issued an order to show cause why the appeal should not be dismissed on the grounds that no appeal of right exists from the judgment sought to be appealed. In response to the order, the State asserts that SDCL 23A-27-51 is applicable in this case and would allow us to review this appeal. SDCL 23A-27-51 provides:

> If the court finds that an applicant was denied the right to an appeal from an original conviction in violation of the Constitution of the United States or the Constitution of South Dakota, the court shall issue a new judgment and impose the same sentence if such relief is requested within a reasonable time and an adequate record of the original trial proceeding is available for review. The court shall advise the applicant of the following:
>
> > (1) The rights associated with an appeal from a criminal conviction; and
> >
> > (2) The time for filing a notice of appeal from the reimposed judgment and sentence.
>
> Nothing in this section limits an applicant's right to habeas corpus.

However, the circuit court must make certain determinations before proceeding under SDCL 23A-27-51, and it did not do so in this case. The court must initially determine whether "an applicant was denied the right to an appeal from an original conviction in violation of the Constitution of the United States or the Constitution of South Dakota[.]" SDCL 23A-27-51. Then, the court "shall issue a new judgment and impose the same sentence if such relief is requested within a reasonable time and an adequate record of the original trial proceeding is available for review." *Id.* The record does not show that the parties informed Judge Pfeifle prior to resentencing that they were proceeding under SDCL 23A-27-51. Thus, the court did not have the opportunity to address whether a constitutional violation occurred, whether the relief was requested within a reasonable time, or whether an adequate record was available for review. Therefore, we remand for the circuit court to enter findings on these issues or to hold further proceedings on the matter.

[¶12.] GILBERTSON, Chief Justice, and ZINTER, WILBUR, and KERN, Justices, concur.