#28213-a-LSW
**2017 S.D. 82**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

CHARLES A. HUMPAL,                         Defendant and Appellant.


\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE ROBERT GUSINSKY
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

PATRICIA ARCHER
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                                and appellee.


TODD A. LOVE
Rapid City, South Dakota                  Attorney for defendant
                                                and appellant.


\* \* \* \*

CONSIDERED ON BRIEFS ON
NOVEMBER 6, 2017

OPINION FILED **12/06/17**

#28213

WILBUR, Retired Justice

[¶1.]     The sentencing court imposed a five-year penitentiary term upon defendant while defendant was serving a probationary sentence imposed in a different criminal file.  Defendant appeals, asserting that the court imposed an illegal sentence when it placed him under the dual supervision of the judicial and executive branches.  Although the sentencing court erred when it placed defendant under simultaneous supervision of two branches of government, defendant is currently only under the supervision of the executive branch.  We, therefore, affirm defendant's sentence.

## Background

[¶2.]     On April 15, 2014, Charles Humpal pleaded guilty to one charge of possession of a controlled substance and one charge of unauthorized ingestion of a controlled substance (Criminal File 13-2946).  The sentencing court sentenced Humpal to three years on each charge and suspended the execution of sentence on both charges.  The court placed Humpal on probation for three years.  On April 21, 2016, the State alleged Humpal violated probation, and on September 6, 2016, Humpal admitted to the violation.  On October 4, 2016, the sentencing court amended its previous judgment of sentence and continued probation for three years to begin on the date of the amended judgment.

[¶3.]     On October 19, 2016, the State charged Humpal with grand theft.  The State and Humpal entered into a plea agreement.  Humpal agreed to plead guilty to grand theft.  The State in return agreed to, among other things, not file a probation violation in Criminal File 13-2946.  At a hearing on January 3, 2017, Humpal

-1-

pleaded guilty, and the State recommended a five-year penitentiary sentence. Humpal objected, claiming that the court did not have authority to impose a penitentiary sentence for the grand theft conviction because Humpal was currently serving a probationary term in Criminal File 13-2946. Humpal argued that imposing a penitentiary sentence would improperly place him under the simultaneous supervision of the executive and judicial branches. The court requested briefing.

[¶4.] At a hearing on March 7, 2017, the sentencing court sentenced Humpal to five years in prison with three years suspended. It relied on SDCL 23A-27-18.4 and ordered the sentence to "run concurrent with the penitentiary sentence ordered in" Criminal File 13-2946. In the court's view, because the penitentiary sentence ran concurrent with the sentence in Criminal File 13-2946, Humpal was only under the supervision of the executive branch.

[¶5.] Humpal appeals, asserting that the sentencing court did not have authority to impose a penitentiary sentence against him while he was serving a probationary term. The State argues that the issue is moot because the sentencing court discharged Humpal from probation on March 9, 2017, leaving him only under the supervision of the executive branch.

### Standard of Review

[¶6.] "The power to sentence comes from statutory and constitutional provisions." *State v. Oban*, 372 N.W.2d 125, 129 (S.D. 1985), *superseded in part by statute as recognized in Krukow v. S.D. Bd. of Pardons & Paroles*, 2006 S.D. 46, ¶ 15, 716 N.W.2d 121, 125. "Statutory interpretation is a question of law, reviewed de

novo." *State v. Kramer*, 2008 S.D. 73, ¶ 11, 754 N.W.2d 655, 658 (quoting *State v. Burdick*, 2006 S.D. 23, ¶ 6, 712 N.W.2d 5, 7). Likewise, whether a defendant's sentence exceeds the jurisdiction and authority of the court is reviewed de novo. *State v. Orr*, 2015 S.D. 89, ¶ 3, 871 N.W.2d 834, 835.

**Analysis**

[¶7.] We first address the State's argument that Humpal's appeal is moot because the sentencing court discharged Humpal from probation in Criminal File 13-2946. We take judicial notice of Criminal File 13-2946. The order discharging Humpal from probation provides: "the defendant is unsuccessfully discharged from probation and is hereby restored to the full rights of citizenship subject to the provisions of SDCL 22-14-15 & SDCL 22-14-15.1." In the State's view, "[a]ny question involving the Defendant's potential dual supervision was eliminated" on March 9, 2017. The State further claims that none of the exceptions to the mootness doctrine apply.

[¶8.] Humpal responds that his discharge from probation in Criminal File 13-2946 "is simply irrelevant to the constitutional violation that occurred on March 7, 2017." According to Humpal, the sentencing court violated the separation of powers doctrine *on March 7, 2017*, when it imposed a penitentiary sentence, and the court's March 9, 2017 order ceding judicial supervision by discharging him from probation did not erase the constitutional violation. So he avers that the court's sentence imposed on March 7, 2017, must be reversed and that he be resentenced.

[¶9.] It is well settled that this Court will dismiss an appeal "as moot where, before the appellate decision, there has been a change of circumstances or the

occurrence of an event by which the actual controversy ceases and it becomes impossible for the appellate court to grant effectual relief." *In re Woodruff*, 1997 S.D. 95, ¶ 10, 567 N.W.2d 226, 228 (quoting *Rapid City Journal v. Seventh Judicial Cir. Ct.*, 283 N.W.2d 563, 565 (S.D. 1979)). It is undisputed that Humpal is no longer on probation for the sentence imposed in Criminal File 13-2946 and therefore will only be under the supervision of the Department of Corrections and the Board of Pardons and Paroles while he serves his penitentiary sentence for grand theft. Because of the change in circumstances between March 7 and March 9, 2017, there remains no actual controversy affecting Humpal. At this juncture, an adjudication would be no more than advisory.

[¶10.] Even so, we have said that "[t]he decision as to whether to retain a moot case in order to pass on a question of public interest lies in the discretion of the court[.]" *Cummings v. Mickelson*, 495 N.W.2d 493, 496 (S.D. 1993) (quoting *Wheeldon v. Madison*, 374 N.W.2d 367, 378 (S.D. 1985)). In exercising our discretion, we may "determine a moot question of public importance if it feels that the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions." *Id.* (quoting *Wheeldon*, 374 N.W.2d at 378). This exception has been referred to as the public interest exception. It applies when three criteria are met: "(1) a general public importance; (2) probable future recurrence; and (3) probable future mootness." *Id.*; *accord Woodruff*, 1997 S.D. 95, ¶ 15, 567 N.W.2d at 229; *Rapid City Journal*, 283 N.W.2d at 566; *Sedlacek v. S.D. Teener Baseball Program*, 437 N.W.2d 866, 868 (S.D. 1989).

[¶11.] Here, although Humpal's issue is moot, we retain jurisdiction to address the question because of its precedential value and general public importance. The sentencing court imposed a five-year penitentiary sentence on a defendant currently on probation for a sentence imposed in a different criminal file. The court believed that it had statutory authority to do so despite controlling case law to the contrary. Instead of allowing appellate review of the court's authority, the court discharged the defendant from probation in the separate criminal file. But the defendant did not *successfully* complete probation. In fact, the court "unsuccessfully discharged [the defendant] from probation." It is of general public importance that this Court issue an authoritative determination on the question rather than allow it to evade review by simply discharging a non-compliant defendant from probation.

[¶12.] Indeed, this issue is one that will probably reoccur in the future. Since the Legislature enacted Senate Bill 70—the Public Safety Improvement Act—in 2013, more defendants are serving probationary terms and, therefore, under the supervision of the judicial branch. If those defendants commit additional crimes and face possible penitentiary sentences, courts will be placed in a similar situation to that which the sentencing court faced here. And if, in those future cases, a court relies on SDCL 23A-27-18.4 to impose a penitentiary sentence despite that the defendant is currently serving a probationary term, there is nothing to prevent the court from discharging the defendant from probation after the fact. A discharge from probation will render the issue of dual supervision moot for that particular defendant, but it leaves open the question of the court's authority to impose a

penitentiary sentence on a defendant currently serving a probationary term. We, therefore, examine whether the sentencing court's imposition of a five-year penitentiary sentence with three years suspended in this case improperly placed Humpal under the dual supervision of the executive and judicial branches.

[¶13.] In *Orr*, we recognized that under South Dakota law, "there is no scenario where a defendant is placed under simultaneous supervision of two branches of government." 2015 S.D. 89, ¶ 7, 871 N.W.2d at 837. "The judicial branch cannot give itself authority over offenders that are in the state penitentiary by sentencing a person to simultaneous probation and penitentiary sentences." *Id.* ¶ 10. And "probation is not available for those defendants that are incarcerated in the penitentiary or on parole." *Id.*

[¶14.] On March 7, 2017, the sentencing court sentenced Humpal to five years in the state penitentiary with three years suspended. While serving his penitentiary sentence, Humpal will be under the supervision of the Department of Corrections—an agency of the executive branch. Humpal's initial parole date, according to the record, is October 8, 2017. While on parole, he will be under the supervision of the Board of Pardons and Paroles—also an agency of the executive branch. But when the court sentenced Humpal to the penitentiary, thereby placing him under the supervision of the executive branch, Humpal was currently serving a three-year probationary term under the supervision of the judicial branch. This means that on March 7, 2017, the court imposed a sentence that improperly put Humpal under the dual supervision of the judicial and executive branches.

[¶15.] The court attempted to rectify the error by ordering Humpal's penitentiary sentence to run concurrent to his sentence in Criminal File 13-2946. But Humpal was not "[a] defendant with an entirely suspended sentence . . . concurrent or consecutive to an additional penitentiary sentence" as provided in SDCL 23A-27-18.4. Rather, Humpal was a defendant with a partially suspended sentence (sentence for grand theft) imposed to run concurrent to an entirely suspended sentence (Criminal File 13-2946). Nonetheless, on March 9, 2017, the sentencing court discharged Humpal from probation, thereby eliminating the existence of improper simultaneous supervision. Because Humpal will only be under the supervision of the Department of Corrections and the Board of Pardons and Paroles while he serves his penitentiary sentence for grand theft, the court's sentence is constitutional.

[¶16.] Affirmed.

[¶17.] GILBERTSON, Chief Justice, and ZINTER and SEVERSON, Justices, concur.

[¶18.] JENSEN, Justice, did not participate.